## HAYNES v. HAYNES.

### No. 4321.

Court of Civil Appeals of Texas.
Nov. 8, 1945.

Rehearing Denied Dec. 5, 1945.

David E. O'Fiel, of Beaumont, for appellant.

A. L. Bevil, of Kountze, for appellee.

COE, Chief Justice.

Margarett Haynes instituted a suit in the district court of Hardin County against her husband, Bill Haynes, in which she sought a divorce from the defendant and the care and custody of William Charles John Haynes, a minor child, the issue of said marriage. Bill Haynes, the appellant here, filed a cross action in which he sought judgment for divorce and the custody of said child, or in the alternative that said child be awarded to Mrs. Tilda Haynes. On a trial, the court awarded appellee, Margarett Haynes, a divorce and awarded the custody of the child, William Charles John Haynes, to C. H. Plaunty and wife,

Emma Plaunty, parents of appellee, who were not parties to the suit.

The appellant predicates his appeal on one point, in which he challenges the authority of the trial court to award the custody of the minor child of the parties to C. H. Plaunty and wife, Emma Plaunty, in the absence of any pleading filed by them or on their behalf seeking such relief. There is no statement of facts in this record, therefore we must presume that sufficient evidence was introduced on the trial of the case to authorize the trial court to enter the judgment complained of provided it had the authority so to do. The only question for our consideration is the authority of the trial court to enter judgment awarding the custody of a minor child to persons not parties to the suit. Appellant contends that under Article 4639, Vernon's Texas Civil Statutes, that the trial court was compelled to award the custody of the minor child to either the father or mother, they being the only parties to the suit, or to Mrs. Tilda Haynes under appellant's alternative plea. While Article 4639 authorizes the trial court in a divorce case to award the custody of children to either parent there is nothing in said article which would prohibit the court in granting the custody to some other person in the event he should determine that neither parent was the proper person to have the custody of such child, or children. The authority so to do is given to the district court by Section 8, Article 5, of our State Constitution, Vernon's Ann.St., as well as Article 4639a of Vernon's Texas Civil Statutes. It was stated by the court in the case of Noble v. Noble, Tex.Civ.App., 185 S.W. 318, 319: "Notwithstanding this was a divorce case, we think, under the section of the Constitution above quoted, that the court had the authority of its own motion, and in the absence of application therefor (if under the evidence it deemed that neither parent was a proper person to have the custody and control of the children), to award such custody to any suitable person disposed to assume this responsibility." While it might be argued that this statement by the court is dicta, it was cited with approval in Northcutt v. Northcutt, Tex.Civ.App., 287 S.W. 515, and we believe it to be the law governing such cases. In the absence of a statement of facts it will be presumed that the trial court was fully advised as to the qualifications of Mr. and Mrs. Plaunty and their willingness

to assume and discharge the responsibilities placed upon them by the court in awarding the custody of said child to them. This being the only complaint made by appellant, and being unable to agree with him in his contention, his point is overruled and this case is affirmed.