## BOUGH v. BOUGH.

### No. 12645.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 9, 1953.

Rehearing Denied Jan. 6, 1954.

·Rankin, Kilgore & Cherry, Edinburg, for appellant.

Henrichson, Bates & Hall, Edinburg, for appellee.

POPE, Justice.

Appellant presents two points: (1) Whether the plaintiff in a divorce suit proved his qualifications as an inhabitant of Texas for twelve months and as a resident of Hidalgo County for six months, and (2) whether the court erred in granting custody of a five-year-old child to the Supervisor of the Hidalgo County Child Welfare Unit, though she was not a party to the suit.

The judgment should be affirmed. Plaintiff, since 1947 has claimed residence in Edinburg, which we judicially know is the county seat of Hidalgo County, Texas. Carson v. Dalton, 59 Tex. 500. He was at that time serving in the United States Armed Forces. Appellant claims that her husband's status as a serviceman under orders destroyed the statutory residence

qualifications as interpreted by this Court in Gallagher v. Gallagher, Tex.Civ.App., 214 S.W. 516. The Gallagher case is a leading case on the problem and it passed on two questions: Whether a person in the armed forces can "become an actual bona fide inhabitant of the state and acquire a residence for six months in the county different from the original residence from which he entered the service, and, if so, does the evidence show such acquisition?" That case, frequently followed and cited, recognized that persons in the armed forces can acquire a new residence, and then searched the record to determine whether the evidence showed such acquisition.

 Appellee's wife and child lived in Edinburg while he was in the service. That is the place to which he returned when discharged in 1950. He re-enlisted and upon his discharge again returned to Edinburg and lived with his wife. At the time of the trial, he was employed by the Edinburg Police Department. The trial court found that the same parties were before the same court in April of 1952, when the court found that their child was a dependent and neglected child and removed her from their custody. Plaintiff's qualifications were not disputed in the trial court, and we consider that they were factually proved. Robinson v. Robinson, Tex.Civ. App., 235 S.W.2d 228; Struble v. Struble, Tex.Civ.App., 177 S.W.2d 279; Therwhanger v. Therwhanger, Tex.Civ.App., 175 S.W.2d 704; Warfield v. Warfield, Tex.Civ. App., 161 S.W.2d 533; Morehouse v. Morehouse, Tex.Civ.App., 111 S.W.2d 831.

Appellee, in her brief, reminds us of the many precedents which state the solicitude the law holds for the mother and child relationship. Parental rights are burdened with parental duties; and disregard for duty can work a forfeiture of the right. The brief record in this case mainfests an inability on the part of the father to provide a home for the child and an indifference to, and dereliction of, duty on the part of the mother. If facts exist which would

show that appellant has preserved her right to continue her parental nurture and care, this record does not reveal them. The court "had the authority of its own motion, and in the absence of application therefor (if under the evidence it deemed that neither parent was a proper person to have the custody and control of the children), to award such custody to any suitable person disposed to assume this responsibility." Noble v. Noble, Tex.Civ.App., 185 S.W. 318, 319; Rice v. Rice, 21 Tex. 58; Haynes v. Haynes, Tex.Civ.App., 191 S.W.2d 81; Lolley v. Lolley, Tex.Civ.App., 181 S.W.2d 941; Mitchell v. Mitchell, Tex.Civ.App., 168 S.W.2d 702; Northcutt v. Northcutt, Tex.Civ.App., 287 S.W. 515.

The judgment is affirmed.