Verniece Ham MOORE et vir, Appellants,

v.

George S. HAM et al., Appellees.

No. 7012.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 16, 1961.

C. D. Bourne, Jr., Dumas, for appellants.

Frank D. McCown and James R. Lovell, Dumas, for appellees.

DENTON, Chief Justice.

Prior to a divorce granted June 8, 1956, appellant Verniece Ham Moore and appellee George S. Ham were man and wife and the parents of two minor children, a son then eight years of age and a daughter five years of age. The divorce decree granted appellant a divorce and awarded her custody of the two children. On December 23, 1959, George S. Ham instituted this suit by filing a petition to modify the original divorce judgment, in which he alleged his former wife had remarried, and that she was no longer a fit and proper person to have the care, custody and control of the two children. Ham later filed a first

supplemental petition alleging in more detail the unfitness of appellant to have the care and custody of the children. The prayer in the latter instrument asked that the children be removed from the control of appellant and "be placed in suitable and proper surroundings." After appellants had filed their answer to appellee's original petition, the Moore County Child Welfare Board filed a plea of intervention alleging that both father and mother were unfit to have the care, custody and control of the children, and that the children were dependent and neglected in that they did not have proper parental care and guardianship. Intervenor prayed that the children's care, custody and control be awarded to the Welfare Board. Appellants answered intervenor's petition by a general denial. Prior to the hearing, intervenor adopted the allegations contained in appellee Ham's first supplemental petition.

Upon a hearing before the court without a jury the trial court found the children to be dependent and neglected; that it would be to the best interest of the children if their care, custody and control be changed from Verniece Ham Moore to the Moore County Child Welfare Board. Both parents were ordered to contribute monthly child support to the Board, and visitation rights of the parents were provided for.

From the judgment thus entered, appellants duly perfected this appeal. The father, George S. Ham, one of the appellees here, did not except to the court's judgment and joined in the Welfare Board's brief submitted on this appeal. Appellants' two points of error are based solely on the assumption that the proceeding here was a statutory dependent and neglected suit. They contend that reversible error was committed when the children were declared dependent and neglected on an unverified petition contrary to Art. 2331, Vernon's Ann.Civ.St., and that the children were not brought before the court as required by Art. 2333, V.A.C.S. No findings of fact or conclusions of law were filed and none

were requested by appellants. Neither does the record contain a statement of facts.

■ We are unable to agree with appellants' contention that the proceeding was a dependent and neglected case. A casual reading of the pleadings of all parties clearly discloses the nature of the case to be one of change of custody of the two children. Prayers of the petitions of both appellee Ham and intervenor pray that custody of the children be withdrawn from appellant and be awarded to others. It is well settled that the character or nature of an action is determined by the facts stated in the petition and the relief sought. Richards v. Combest, Tex.Civ.App., 208 S.W.2d 392; Whitley v. King, Tex.Civ.App., 227 S.W.2d 241; 1 Tex.Jur.2d, Actions, Sec. 34, p. 541.

■■ The petitions clearly followed the usual general form in setting out changes of conditions and alleging specific grounds why appellant was not a fit and proper person to have the care, custody and control of the children. An additional allegation that the children were dependent and neglected could not have the effect of changing the nature of the cause of action. Language in the trial court's judgment indicated a finding that the children were dependent and neglected, but the ultimate result of the judgment was that the children were declared wards of the court and were placed in the custody of the intervening Welfare Board. Clearly the trial court had the authority to award custody of the children to any suitable person or agency when the parents are found to be unfit. Bough v. Bough, Tex.Civ.App., 263 S.W.2d 573 and other cases there cited.

■ As we view the record, the case is one pertaining to the change of custody of minor children based on allegations of change of conditions and the unfitness of a parent who was originally awarded the children's custody. No authorities need be cited to support the conclusion that the trial court here had the clear authority and juris-

diction to take the action complained of. In the absence of findings of fact and conclusions of law, every presumption consistent with the record must be indulged in favor of the trial court's judgment. Thus this court is required to affirm the judgment of the trial court if it may do so on any theory of the case finding support in the record. Southwestern Associated Tel. Co. v. City of Dalhart, Tex.Civ.App., 254 S.W.2d 819; Coker v. Harris, Tex.Civ.App., 281 S.W.2d 100; Rawlins v. McIntyre, Tex.Civ.App., 330 S.W.2d 524.

After reviewing the record we conclude the trial court's judgment should be in all things affirmed.

Affirmed.