# In re Dionel RUIZ and Renee Bonfiglio Ruiz.

## No. 10–00–174–CV.

Court of Appeals of Texas, Waco.

May 25, 2000.

Robert T. Swanton, Jr., Law Offices of Robert T. Swanton, Jr., Waco, for relator Dionel Ruiz.

John M. Hurley, Waco, for relator Renee Bonfiglio Ruiz.

John W. Segrest, Criminal Dist. Atty., James Wiley, Asst. Criminal Dist. Atty., for real party in interest, Texas Dept. of Protective and Regulatory Services.

Gary Raymond Coley, Frederick & Coley, Waco, attorney ad litem.

## O P I N I O N

DAVIS, Chief Justice.

Relators Dionel Ruiz and Renee Bonfiglio Ruiz ask this Court to issue a writ of mandamus against Respondent, the Honorable Ralph T. Strother, Judge of the 19th District Court of McLennan County. The Ruizes request that we order Respondent to dismiss a suit affecting the parent-child relationship filed against them by the Department of Protective and Regulatory Services ("DPRS") because Respondent allegedly failed to render a final order in the case by the Monday following the first anniversary of DPRS's appointment as temporary managing conservator of their daughter R.R. We will conditionally grant the relief requested.

1. The Ruizes are represented by separate counsel.

## BACKGROUND

Respondent signed an order appointing DPRS as temporary managing conservator of R.R. on April 6, 1999. A jury returned a verdict recommending termination of the Ruizes' parental rights on March 28, 2000. On that date, Respondent made the following handwritten notation on the docket sheet:

> Jury returned verdict at approximately 7:15 p.m. Decree of termination to be entered as to both parents per jury's verdict. /s/ Ralph T. Strother, Judge Presiding.

The Ruizes filed substantially identical motions[1] to dismiss the suit under section 263.401(a) of the Family Code on April 26 and 27. See TEX. FAM.CODE ANN. § 263.401(a) (Vernon Supp.2000). Respondent set the matter for hearing on May 2. Respondent signed a final decree terminating the Ruizes' parental rights and appointing DPRS as permanent managing conservator of R.R. on May 2. He signed an order denying the Ruizes' dismissal motions three days later.

## RENDITION OF JUDGMENT

The issue presented in this proceeding is whether the above-quoted docket notation constitutes rendition of a final order sufficient to avoid the one-year dismissal mandated by section 263.401(a).[2] That statute requires a trial court to dismiss a suit filed by DPRS "on the first Monday after the first anniversary of the date the court rendered a temporary order appointing [DPRS] as temporary managing conservator" "[u]nless the court has rendered a final order or granted an extension." TEX. FAM.CODE ANN. § 263.401(a).

A trial court renders judgment by oral pronouncement of its decision in open court or by a signed, written memo-

2. The term "section" as used hereinafter refers to a section of the Family Code unless otherwise indicated.

randum filed with the clerk.[3] *S & A Restaurant Corp. v. Leal,* 892 S.W.2d 855, 857–58 (Tex.1995) (per curiam). To constitute rendition, the court's pronouncement "must clearly indicate the intent to render judgment at the time the words are expressed." *Id.* at 858; *Balogh v. Ramos,* 978 S.W.2d 696, 701 (Tex.App.—Corpus Christi 1998, pet. denied) (op. on reh'g), *cert. denied,* —— U.S. ——, 120 S.Ct. 66, 145 L.Ed.2d 57 (1999). For suits affecting the parent-child relationship, the Legislature has provided that rendition of judgment may be accomplished by a docket notation.[4] *See* TEX. FAM.CODE ANN. § 101.026 (Vernon 1996).

Furthermore, section 263.401(d) specifically defines what is required to constitute a "final order" for purposes of that statute. *See* TEX. FAM.CODE ANN. § 263.401(d) (Vernon Supp.2000). The parties agree that only subdivision (d)(4) potentially applies in this case. *Id.* § 263.401(d)(4). That subdivision defines a "final order" as one which "terminates the parent-child relationship and appoints a relative of the child, another suitable person, or the department as managing conservator of the child." *Id.*

■ We have no record of an oral pronouncement in this case. *See S & A Restaurant Corp.,* 892 S.W.2d at 857. Thus, the issue before us is whether Respondent's signed docket notation constitutes rendition of judgment by written memorandum. *Id.* The docket notation states in pertinent part, "Decree of termination to be entered as to both parents per jury's verdict." This notation fails to satisfy either of the requirements of a subdivision

(d)(4) "final order." *See* TEX. FAM.CODE ANN. § 263.401(d). The notation does not "grant" DPRS's petition, nor does it "order" or "decree" that the Ruizes' parental rights be terminated. *Cf. Balogh,* 978 S.W.2d at 700; *Giles v. Giles,* 830 S.W.2d 232, 234 (Tex.App.—Fort Worth 1992, no writ). Rather, it indicates the court's intent to render a termination decree in the future. *Cf. Intercoastal Warehouse Corp. v. Clear Lake Nat'l Bank,* 795 S.W.2d 294, 295–96 (Tex.App.—Houston [14th Dist.] 1990, writ dism'd w.o.j.); *Formby's KOA v. BHP Water Supply Corp.,* 730 S.W.2d 428, 430–31 (Tex.App.—Dallas 1987, no writ).

■ Even assuming that rendition of a termination decree could be implied from the docket notation, the writing fails to address the appointment of a managing conservator for R.R., which subdivision (d)(4) requires in a "final order." *See* TEX. FAM.CODE ANN. § 263.401(d)(4). DPRS does not address the requirements of subdivision (d)(4) in its response. The attorney ad litem for R.R. argues that the docket notation nonetheless satisfies subdivision (d)(4) because, "under the circumstances of this case, the only party who could become managing conservator following the termination of parental rights was [DPRS]." We disagree.

Section 161.207(a) provides in pertinent part:

> If the court terminates the parent-child relationship with respect to both parents or to the only living parent, the court shall appoint a suitable, competent adult, the Department of Protective and Regulatory Services, a licensed child-

---

**3.** Rendition of judgment and entry of judgment are distinct actions. *See Burrell v. Cornelius,* 570 S.W.2d 382, 384 (Tex.1978); *Oak Creek Homes, Inc. v. Jones,* 758 S.W.2d 288, 290 (Tex.App.—Waco 1988, no writ). Judgments usually go through three stages: rendition, reduction to writing, and entry. *Oak Creek Homes,* 758 S.W.2d at 290. The trial court renders its judgment. After rendition, the trial court or the prevailing party prepares a written judgment which is signed by the court. After signing, the trial court clerk en-

ters the written judgment on the minutes of the court. *Burrell,* 570 S.W.2d at 384; *Oak Creek Homes,* 758 S.W.2d at 290.

**4.** This is contrary to the general rule in civil cases that a docket notation standing alone does not constitute rendition of judgment. *See McCormack v. Guillot,* 597 S.W.2d 345, 346 (Tex.1980) (orig.proceeding); *Withrow v. State Farm Lloyds,* 990 S.W.2d 432, 435 (Tex. App.—Texarkana 1999, pet. denied).

placing agency, or an authorized agency as managing conservator of the child.[5] Tex. Fam.Code Ann. § 161.207(a) (Vernon 1996). Section 161.207(a) finds its origin in a substantially similar statute first enacted by the Legislature in 1907. *See* Act approved Apr. 5, 1907, 30th Leg., R.S., ch. 64, § 6, 1907 Tex. Gen. Laws 135, 136 (amended 1962) (current version at Tex. Fam.Code Ann. § 161.207).[6] The 1907 Act provided in pertinent part:

Upon the hearing of such case, if the said child shall be found to come within any of the provinces of Section 1 of this act it shall be adjudged a "dependent child," and an order may be entered making disposition of said child as to the court seems best for its moral and physical welfare. It may be turned over to the care and custody of any suitable person or any suitable institution in the county or State organized for the purpose of caring for "dependent children" and which is able and willing to care for same.

*Id.*

Under the 1907 version of the statute, Texas courts held that "the trial court had the authority to award custody of the children to any suitable person or agency." *Moore v. Ham*, 342 S.W.2d 825, 826 (Tex. Civ.App.—Amarillo 1961, no writ) (citing *Bough v. Bough*, 263 S.W.2d 573, 574 (Tex. Civ.App.—San Antonio 1953, no writ)); *accord Davis v. Collins*, 147 Tex. 418, 424,

216 S.W.2d 807, 811 (1949); *DeWitt v. Brooks*, 143 Tex. 122, 128, 182 S.W.2d 687, 691 (1944). In *Bough*, the court concluded that the trial court:

had the authority of its own motion, and in the absence of application therefor (if under the evidence it deemed that neither parent was a proper person to have the custody and control of the children), to award such custody to any suitable person disposed to assume this responsibility.

*Bough*, 263 S.W.2d at 574 (quoting *Noble v. Noble*, 185 S.W. 318, 319 (Tex.Civ. App.—Austin 1916, no writ)); *accord Haynes v. Haynes*, 191 S.W.2d 81, 81 (Tex. Civ.App.—Beaumont 1945, writ dism'd).

■ Because of the substantial similarities between the 1907 statute and section 161.207, we presume that the Legislature intended for this construction of the statute to continue. *See Ector County v. Stringer*, 843 S.W.2d 477, 479 n. 4 (Tex. 1992); *Cooper v. St. Paul Fire & Marine Ins. Co.*, 985 S.W.2d 614, 617–18 (Tex. App.—Amarillo 1999, no pet.); *Blount v. Dutton*, 967 S.W.2d 955, 957 (Tex.App.— Beaumont 1998, no pet.). Accordingly, we conclude that Respondent could have appointed any suitable person or agency to be R.R.'s managing conservator, regardless of whether such person or agency filed pleadings requesting such appointment. *See* Tex. Fam.Code Ann. 161.207; *Bough*,

---

5. We note that section 161.207(a) contains a more expansive listing of entities whom the trial court can appoint as managing conservator than does section 263.401(d)(4) because the former includes appointment of (in addition to DPRS) "a licensed child-placing agency, or an authorized agency" while the latter does not. *Compare* Tex. Fam.Code Ann. § 161.207(a) (Vernon 1996) *with* Tex. Fam. Code Ann. § 263.401(d)(4) (Vernon Supp. 2000). However, because the docket notation in this case appoints no managing conservator, the distinction is irrelevant for purposes of this proceeding.

6. The Legislature codified section 6 of the 1907 Act as article 2189 of the Revised Civil Statutes of 1911. *See* Revised Statutes, 32d Leg., R.S., § 1, art. 2189, *in* Tex.Rev.Civ. Stat.

(1911), § 1, at 467 (Austin Printing Co.1912). Article 2189 became article 2335 without substantive change in the Revised Civil Statutes of 1925. *See* Act effective Sept. 1, 1925, 39th Leg., R.S., § 1, art. 2335, *in* Tex.Rev.Civ. Stat. (1925), § 1, at 621–22 (A.C. Baldwin & Sons 1925). In 1973, this provision became section 15.05(b) of Title 2 of the Family Code. *See* Act of May 25, 1973, 63d Leg., R.S., ch. 543, § 1, sec. 15.05(b), 1973 Tex. Gen. Laws 1411, 1428–29 (amended 1989) (current version at Tex. Fam.Code Ann. § 161.207). The Legislature repealed the former Title 2 and enacted the current statute in 1995. *See* Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 161.207, § 2(1), 1995 Tex. Gen. Laws 113, 217, 282.

263 S.W.2d at 574; *Haynes,* 191 S.W.2d at 81; *Noble,* 185 S.W. at 319.

## ADEQUATE REMEDY AT LAW

█ Settled law establishes that mandamus relief is appropriate to correct a clear abuse of discretion when the Relator has no adequate remedy at law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding); *In re Bishop,* 8 S.W.3d 412, 416 (Tex.App.—Waco 1999, orig. proceeding [mand. denied]). This Court has determined that mandamus is an appropriate vehicle for enforcement of section 263.401 because the relators in such a case have no adequate legal remedy by which they can otherwise obtain timely compliance with the statute. *Bishop,* 8 S.W.3d at 416, 421; *accord In re Neal,* 4 S.W.3d 443, 447 (Tex.App.—Houston [1st Dist.] 1999, orig. proceeding [mand. denied]).

DPRS contends that mandamus is inappropriate in this case because an appeal is "immediately available" to the Ruizes in which they can assert the question presented. DPRS distinguishes our *Bishop* decision, in which we held that the relators had no adequate remedy by appeal, on the basis that *Bishop* involved a pre-trial ruling. *See Bishop,* 8 S.W.3d at 415–16. We reject this distinction. When the Ruizes filed their respective motions to dismiss under section 263.401(a), Respondent had no discretion but to dismiss the suit. *Id.* at 419.

7. We leave for another day the issue of whether a party in the Ruizes' position who fails to seek dismissal of the suit until after the signing of a final order can be held to have forfeited any right to mandamus relief.

8. Even so assuming, an appeal given precedence by statute is not the same as an accelerated appeal. *Compare* Tex.R.App. P. 28 *with* Tex. Fam.Code Ann. § 109.002(a) (Vernon Supp.2000); *but cf.* Tex.R.App. P. 40.1. Accelerated appeals generally involve interlocutory orders with a limited record. *See, e.g.,* Tex. R.App. P. 28.1; Tex. Civ. Prac. & Rem.Code Ann. 51.014(a) (Vernon Supp.2000). On the other hand, appeals given statutory precedence generally arise following a trial on the merits and

Respondent signed a "Final Judgment" in this case on May 2, six days after Dionel Ruiz filed his motion to dismiss.[7] Assuming no motion for new trial is filed, the Ruizes' notice of appeal would be due on June 1. Tex.R.App. P. 26.1(a). The Family Code mandates that appeals in such cases "be given precedence over other civil cases." Tex. Fam.Code Ann. § 109.002(a) (Vernon Supp.2000). Assuming we treated such an appeal as an accelerated one for the remainder of the appellate timetables, the record would be due on June 12.[8] *See* Tex.R.App. P. 35.1(b). The Ruizes' brief would then be due on July 3 and DPRS's brief on July 24. *Id.* 38.6(a), (b). If we shortened the usual twenty-one days' notice for submission to two days, the appeal would be argued on July 26, which is more than two months later than the date on which this proceeding was argued and more than three months later than the dismissal date provided by section 263.401(a). *Id.* 38.6(d), 39.9.[9]

As we observed in *Bishop,* the "legislature enacted [section 263.401] to carry out the recommendation of the Governor's Committee that parental rights be terminated or families reunified within twelve months." *Bishop,* 8 S.W.3d at 417. To accomplish this purpose, section 263.401 expressly requires not that the trial on the merits be had within twelve months after DPRS's appointment as temporary managing conservator, but that a "final order" be "rendered" within that period. Tex. Fam. Code Ann. § 263.401(a).

as such will usually involve a more lengthy record. *See, e.g.,* Tex. Fam.Code Ann. § 56.01(h) (Vernon 1996) (appeal following juvenile adjudication in which child removed from home), § 109.002(a) (appeal from custody determination). For this reason, it may be unreasonable to expect the trial court clerk and court reporter to have the record prepared in such cases within the 10 days provided for interlocutory appeals.

9. Again we note that such an accelerated timetable would be highly unlikely given the delays which frequently occur in the appellate process.

■ "Justice demands a speedy resolution of child custody and child support issues." *Bishop*, 8 S.W.3d at 416 (quoting *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig.proceeding)). The Supreme Court recognized in *Proffer* that an appeal "is frequently inadequate to protect the rights of parents and children" in these cases. *Proffer*, 734 S.W.2d at 673; *accord Bishop*, 8 S.W.3d at 416. Applying these principles to the Ruizes' case and the legislative purpose for section 263.401, we believe that an appeal is inadequate to obtain timely compliance with the statute. *See Bishop*, 8 S.W.3d at 416, 421; *Neal*, 4 S.W.3d at 447.

## ABSURD RESULT

■ Both DPRS and the ad litem contend that it would be absurd to apply the plain language of section 263.401(a) to this case because the jury's verdict would be set aside, DPRS would have to re-file its petition, and R.R. would potentially have to spend up to eighteen additional months in foster care awaiting a second trial and judgment.

■ We will decline to follow the plain meaning of a statute when following the letter of the law would produce an absurd result. *See Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex.1999); *Bishop*, 8 S.W.3d at 418. The clear purpose of section 263.401 dictates "that parental rights be terminated or families reunified within twelve months." *Bishop*, 8 S.W.3d at 417. Because a "final order" was not timely rendered, termination of the Ruizes' parental rights was not complete for purposes of the statute. *See* TEX. FAM.CODE ANN. § 263.401(a). Thus, R.R. must be reunited with her family if we conclude that dismissal is not an "absurd result." [10]

We have already determined that a dismissal under section 263.401(a) is without prejudice, so DPRS would be able to re-file the case asserting the same grounds *for termination* as originally alleged. *See Bishop*, 8 S.W.3d at 420. However, it is not equally clear that DPRS can keep R.R. in foster care absent new facts supporting *removal* from the home. *Cf. Slatton v. Brazoria County Prot. Servs. Unit*, 804 S.W.2d 550, 552–53 (Tex.App.—Texarkana 1991, no writ) (res judicata applies in termination cases instituted by the State); *see also Martin v. Cameron County Child Welfare Unit*, 326 S.W.2d 31, 37–38 (Tex. Civ.App.—San Antonio), *writ ref'd n.r.e.*, 160 Tex. 274, 329 S.W.2d 83 (1959) (per curiam) (parents entitled to custody of child after trial in which parental rights not terminated).

In light of *Slatton*, we conclude that DPRS cannot again remove R.R. from her home or keep her in foster care absent new facts which support removal under chapter 262 of the Family Code. According to Respondent's docket sheet, DPRS removed R.R. from her home on or about April 1, 1999. Respondent signed temporary orders on April 6 appointing DPRS as temporary managing conservator. To support a subsequent removal, DPRS must rely on facts warranting removal which have occurred after the adversary hearing held on April 6, 1999. To hold otherwise would render section 263.401(a) meaningless because DPRS would be permitted to maintain custody of a child in its care indefinitely merely by annually re-filing suit. This is clearly contrary to the purpose of the statute. *See Bishop*, 8 S.W.3d at 417; *see also* TEX. GOV'T CODE ANN. § 312.005 (Vernon 1998) (when construing statute, court "shall consider at all times the old law, the evil, and the remedy").

For these reasons, we conclude that applying the plain language of section 263.401(a) in this case does not produce an absurd result. Rather, the statute mandates that R.R. must be reunified with her

---

10. Because Dionel Ruiz is apparently incarcerated, this would necessarily mean reunification with Renee Bonfiglio Ruiz.

family because DPRS failed to obtain rendition of a "final order" in a timely manner. *See* 5 ROY W. McDONALD & ELAINE G. CARLSON, TEXAS CIVIL PRACTICE § 27:9 (2d ed.1999) (disputes concerning rendition of judgment "are unnecessary and reflect more on the trial judge and the prevailing counsel than on the rules of procedure"). Accordingly, we conditionally grant the requested writ of mandamus. The writ will issue only if Respondent fails to sign an order dismissing the suit filed by DPRS no later than 5:00 p.m., May 30, 2000.

Justice GRAY dissenting.

GRAY, Justice, dissenting.

Because the Ruizes have an adequate remedy by appeal, I disagree with the conditional grant of the writ of mandamus. The requirement that mandamus will not issue where there is an adequate remedy by appeal is well-settled. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances and will issue only in situations involving manifest and urgent necessity. *Id.* An exception to the "adequate remedy by appeal" requirement of *Walker* was recognized by the Texas Supreme Court in *Proffer.* The Court observed,

> Parents and children who have a right under the mandatory venue provision to venue in a particular county *should not be forced to go through a trial that is for naught.* Justice demands a speedy resolution of child custody and child support issues.

*Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex. 1987) (emphasis added).

In *Proffer,* the parent and child had moved to another jurisdiction and the court of original jurisdiction was required to transfer the case to the new jurisdiction. The thrust behind the *Proffer* exception is avoidance of an unnecessary trial in child custody cases. In the cases in which this court has cited *Proffer* for allowing the parties to pursue relief by mandamus, we were likewise avoiding an unnecessary trial. *See In re Verbois,* 10 S.W.3d 825 (Tex. App.—Waco 2000, orig. proceeding); *In re Bishop,* 8 S.W.3d 412 (Tex.App.—Waco 1999, orig. proceeding); *In re Simonek,* 3 S.W.3d 285 (Tex.App.—Waco 1999, orig. proceeding); *In re Sanchez,* 1 S.W.3d 912 (Tex.App.—Waco 1999, orig. proceeding). However, in this case, there has already been a trial. The jury has already determined that the Ruizes' parental rights should be terminated. The trial court has already signed an order of termination. The reason for allowing relief by mandamus simply does not exist in this case.

The order based on the jury's verdict was signed by the trial court five days *before* the Ruizes filed their mandamus action. They have not demonstrated any reason that they do not have an "adequate remedy by appeal" as required by *Walker.* They have an adequate remedy by appeal, and therefore, this mandamus should be denied.[1]

1. Because I believe the mandamus should not be considered, much less granted, I will not discuss my substantial disagreement with the result, analysis or discussion of issues including many of which are not before this court in this proceeding.