NUMBER
13-00-518-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                           CORPUS
CHRISTI

___________________________________________________________________

 

IN THE INTEREST OF A.G., J.G., S.G., M.G., AND J.G., III, CHILDREN

___________________________________________________________________

 

                   On
appeal from the 36th District Court

                        of
San Patricio County, Texas.

__________________________________________________________________

 

                              O
P I N I O N

 

          Before
Chief Justice Valdez and Justices Yañez and
Castillo

                                  Opinion
by Justice Castillo

 

This is an appeal from
a judgment following a trial in which the jury returned a verdict recommending
the termination of the parental rights of both Juan Garcia, Jr.  (AGarcia@) and Brenda Guzman (AGuzman@) as to five children. Guzman and Garcia both filed notices of appeal
and present separate issues for review. 
We dismiss this case as to both Juan Garcia, Jr. and Brenda Guzman for
want of jurisdiction.








                                               Procedural
History   

The record before us
discloses that on March 22, 1999, pursuant to a referral by a school nurse,
caseworkers with the Texas Department of Protective and Regulatory Services (ATDPRS@) arrived at the home of appellant Guzman=s mother and found a nine-year-old female child and an eight-month-old
infant boy without supervision.[1]  Born with a heart defect, the
infant was not hooked up to an apnea monitor and was crying.  Since the previous December, Brenda Guzman
had temporarily placed the children with her mother, Lenore Guzman, as the
result of prior TDPRS intervention because of Brenda Guzman=s drug use.  Lenore Guzman had
left the two children at home with an Aolder girl@ while she took the five other children to the grocery store. The home
was in disarray.  Food, some in original
wrappers and some left over, was left throughout the kitchen.  Clothes were strewn about.  It was discovered that one child had scabies
while others had lice.  








On the same day, TDPRS
took emergency possession of all the children. 
After removing Guzman=s seven children from the home, TDPRS filed a suit affecting parent-child
relationship (ASAPCR@), seeking conservatorship of the children
and termination of parental rights.[2]  The SAPCR named as respondents
Guzman and Garcia, identifying Garcia as the children=s father.[3] In connection with the SAPCR, TDPRS obtained emergency temporary
orders naming it temporary sole managing conservator of the children.[4]  On April 5, 1999, after the
statutory adversary hearing,[5] the district court entered temporary orders appointing TDPRS as
temporary sole managing conservator of the children. Although Guzman appeared,
Garcia was not notified and did not appear.








Subsequently, the
trial court held four statutory hearings.[6]  On February 14, 2000, Garcia filed
a Motion to Continue Trial and Extend Time of Court=s Jurisdiction, seeking postponement of a March 14, 2000, jury trial
setting, since he was confined in San Diego, Texas with a projected discharge
date of May 9, 2000.[7]  On February 28, 2000, the
trial court entered an order granting the continuance and extending the trial
court=s jurisdiction to August 21, 2000,[8] without further orders for the children=s safety and welfare.[9]  On May 17, 2000, a jury
returned a verdict that the parent-child relationship between Guzman, Garcia,
and the children should be terminated.[10]  Having denied Garcia=s post-trial motions, on June 9, 2000, the trial court entered an
Order of Termination from which Garcia and Guzman bring their appeals.  As Garcia notes in his brief, the order
provides that the parent-child relationship between Garcia and the children Ashould be terminated,@ whereas, for Guzman, the relationship Ais terminated.@[11] (Emphasis added).  

Garcia raises four
issues for review. By his first two issues, Garcia urges that the evidence was
legally and factually insufficient to support the judgment terminating his
parental rights.  By his third and fourth
issues, he maintains that the evidence was legally and factually insufficient
to support the jury=s determination that termination of his parental rights was in the
best interest of the children.  








Guzman raises eleven
issues for review.  By her first, third,
fifth, and eighth issues, she urges that the evidence was legally insufficient
to support the jury verdict as to each of the statutory grounds alleged in
support of termination of her parental rights. 
By her second, fourth, sixth, and seventh issues, she argues that the
evidence was factually insufficient as to each of the statutory grounds. By her
ninth and tenth issues, Guzman maintains that the evidence was legally and
factually insufficient to support the jury=s determination that termination of the parent-child relationship was
in the best interest of each child.  By
her eleventh issue, Guzman asserts that she was denied procedural due process
under the Fifth and Fourteenth Amendments to the U.S. Constitution since the
trial court did not comply with section 262.106 of the family code.[12]

                                                     Jurisdiction

          Before we reach the merits of this
case, we must first determine whether we have jurisdiction over this
appeal.  Texas Ass=n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). 
Because the question of jurisdiction is a legal question, we follow the de
novo standard of review.  Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Jurisdiction of a
court is never presumed and, if the record does not affirmatively demonstrate
the appellate court=s jurisdiction, the appeal must be dismissed.  El-Kareh v.
Texas Alcoholic Beverage Comm=n, 874 S.W.2d 192, 194
(Tex. App.BHouston [14th Dist.] 1994,
no writ).  








Chapter 263 of the
family code addresses judicial review of the placement of children under the
care of the TDPRS.[13]  Section 263.401(a) of the
family code,  provides for a one-year
time limit for the disposition of a SAPCR unless a timely extension has been
granted, stating:

(a)  Unless the court has
rendered a final order or granted an extension under Subsection (b), on the
first Monday after the first anniversary of the date the court rendered a
temporary order appointing the department as temporary managing conservator,
the court shall dismiss the suit affecting the parent-child relationship filed
by the department that requests termination of the parent-child relationship or
requests that the department be named conservator of the child.  

 

Tex. Fam. Code Ann. ' 263.401(a) (Vernon
Supp. 2002).[14]

 

In the present case,
the first anniversary of the date of the temporary order naming TDPRS temporary
managing conservator of the children was March 23, 2000.  The Monday next was March 27, 2000.  However, the same statute authorized the
trial court to extend jurisdiction as follows:

(b)              
On or before
the time described by Subsection (a) for dismissal of the suit, the court may
extend the court=s jurisdiction of the
suit for a period stated in the extension order, but not longer than 180 days
after the time described by Subsection (a), if the court has continuing
jurisdiction of the suit and the appointment of the department as temporary
managing conservator is in the best interest of the child. If the court grants
an extension, the extension order must also:

          

(1)      schedule
the new date for dismissal of the suit; and








(2)      make
further temporary orders for the safety and welfare of the child as necessary
to avoid further delay in resolving the suit. 


 

Act of May 31, 1997,
75th Leg., ch. 1022, '90, 1997 Tex. Gen.
Laws 3733, 3769 (amended 2001)(current
version at Tex. Fam. Code Ann. '263.401(b)(Vernon Supp.
2002)).      

Here, upon the motion
to continue the jury trial setting, the trial court entered an AOrder for Continuance
of Trial and Extension of Time of Court=s Jurisdiction@ on February 28, 2000.[15]  The jurisdictional problem arises upon the
analysis of the final part of subsection (b) which provides that the order make
further temporary orders for the safety and welfare of the child as necessary
to avoid further delay in resolving the suit.








The order schedules a
new dismissal date within the 180-day window, and it expressly extends
jurisdiction to accommodate the Athe moving parties= need for additional
time for preparation and discovery.@  However,
the order is wholly silent as to further temporary orders for the safety and
welfare of the children.  We note also
that the order does not make any findings about the trial court=s continuing
jurisdiction or that the appointment of the department as temporary managing
conservator is in the best interest of the child, the requisite conditions
precedent for the trial court to have jurisdiction to enter an extension order
at all.  Act of May 31, 1997, 75th
Leg., ch. 1022, '90, 1997 Tex. Gen. Laws 3733, 3769 (amended 2001).  Accordingly, we hold that the
extension order fails to meet the statutory mandates for extending jurisdiction
and therefore fails to preserve the trial court=s jurisdiction to proceed to a termination
hearing.  See In re Neal, 4
S.W.3d 443, 446 (Tex. App.BHouston [1st Dist.]
1999, orig. proceeding)(where order did not contain findings mandated by a
particular section of the family code, the order could not be considered an
order of extension under that section, interpreting specifically section
263.402(a)); but see In Re Bishop, 8 S.W.3d 412, 418 (Tex. App.BWaco 1999, orig.
proceeding)(in which the court, without ruling on the question of requirements,
treated an order that did not comply with the precise provisions of section
263.401(b) as an extension order).








On March 27, 2000,
which was the Monday following the date of the anniversary of the order
appointing TDPRS temporary managing conservator, there was neither a final
order in place nor an order properly extending jurisdiction.  Therefore, the trial court was required to
sign a dismissal order on March 27, 2000. Tex.
Fam. Code Ann. '263.401(a)(Vernon
Supp. 2002); In the Interest of T.M., a Child, 33 S.W.3d 341, 346 (Tex.
App.BAmarillo 2000, no
pet.). The order of  termination entered
after the jury rendered its verdict is dated June 9, 2000, well after the
expiration of the statutory dismissal date. 
Accordingly, the only action the trial court could take at that time was
to sign an order dismissing the suit.[16]  In re Ruiz, 16 S.W.3d 921, 926-28
(Tex. App.BWaco 2000, orig.
proceeding).

                                    Conclusion  








The trial court
entered the order of termination of parental rights as to both appellants after
it lost jurisdiction to do so.  Hence,
the order is void.   We have no
jurisdiction over a void judgment and so do not reach the merits of the appeals
before us.[17]  See Nabejas
v. Texas Dep=t of Pub. Safety, 972 S.W.2d 875, 876
(Tex. App. B Corpus Christi 1998,
no pet.).  While there is no need to
appeal a void judgment, it is well settled that where a party has done so, the
proper practice for a reviewing court is to set the judgment aside and dismiss
the case. State
Ex. Rel. Latty v. Owens, 907
S.W.2d 484, 486 (Tex.1995); Dallas County Appraisal Dist. v. Funds Recovery,
887 S.W.2d 465 (Tex. App. B  Dallas 1994, writ denied)(citing Fulton v. Finch, 346 S.W.2d 823, 827 (Tex.
1961) and State ex rel.
Kelly v. Baker, 580 S.W.2d 611, 612-13 (Tex.
Civ. App. B Amarillo
1979, no writ)).  We therefore set aside
the order of termination of parental rights as to both appellants and dismiss
both appeals for want of jurisdiction.[18]              

ERRLINDA
CASTILLO

Justice

 

Do not publish.

Tex. R.
App. P. 47.3.

 

Opinion
delivered and filed

this 25th
day of April, 2002.

 











[1] Both
are subjects of the underlying suit.   

 





[2]
Originally, the lawsuit involved seven children.  On March 13, 2000, the district court severed
the cause involving the two children whose father was cross-petitioner Raul
Maldonado.

 





[3]
We
note that Garcia denied paternity in all filed documents.  The TDPRS caseworker in charge of the case
testified that he told her Ahe wasn=t sure
that all the children were his.@ 
During a later conversation, he reportedly said Ahe would
take all the children because he knew all the children and didn=t want
to split the children up.@  
At trial, Garcia did not testify and Guzman was not asked, and  did not address, whether Garcia was the
children=s
father. 

 





[4] On the
same day, the district court appointed a local attorney as attorney ad litem and guardian ad litem for
the subject children.  Both Garcia and
Guzman were represented by attorneys.

 





[5] Tex. Fam. Code Ann. ' 262.201
(Vernon Supp. 2002).

 





[6]
A
status hearing was held on May 17, 1999, pursuant to section 262.201 of the
family code.  Permanency hearings were
held on August 2, 1999, October 27, 1999, and January 25, 2000, pursuant to
section 263.306 of the family code.  On
January 25, 2000, Garcia appeared for the first time, having previously not
received notice.  Another permanency
hearing was held on February 21, 2000.  

 





[7] The
record discloses that Garcia was in a Substance Abuse Felony Punishment
Facility (SAFPF) following a July 16, 1999, judgment of conviction placing him
on probation for delivery of a controlled substance (.20 gram cocaine).

 





[8] Tex. Fam. Code Ann. ' 263.401 (Vernon Supp. 2002).

 





[9]
Tex. Fam. Code Ann.
'
263.401(b)(2) (Vernon Supp. 2002).

 





[10]
As
to Juan Garcia, Jr., the jury charge instructed that, for termination of the
parent-child relationship, clear and convincing evidence must prove that he Aknowingly
allowed the child to remain in conditions or surroundings which endanger the
physical or emotional well-being of the child@ or Aengaged
in conduct which endangers the physical or emotional well-being of the child.@  As to Brenda Guzman, the jury charge included
the identical instructions for Garcia with the additional grounds for
termination that she  Ahas been
the cause of the child being born addicted to alcohol or a controlled substance@ other
than a prescription or Aused a controlled substance . . . in a
manner that endangered the health and safety of the child.@  

 





[11]
We
note that the language stating Garcia=s rights Ashould@ be
terminated is of questionable finality. 
However, it is representative of a record that leaves unanswered whether
there ever was a parent-child relationship to terminate between Garcia and the
subject children.  See e.g.,
Tex. Fam. Code Ann. ''
151.001(b), 151.002, 160.101 et seq., 162.001 et seq.





[12]
The
provision mandates the procedures for the initial hearing after a governmental
entity=s taking
possession of a child in an emergency without a court order.  Tex.  Fam. Code Ann. '262.106 (Vernon Supp. 2002).





[13] ADepartment@ means
the Department of Protective and Regulatory Services. Tex. Fam.

Code Ann.
'263.001(a)(1)(Vernon
1996).  

 





[14] Although
section 263.401 has been amended since the time of the hearing in question, the
amendment did not affect subsection (a) and so the current recitation reflects
the law in effect at the time of the hearing.





 

[15] Garcia
filed the motion joined by Guzman.  The
children=s attorney and
the assistant county attorney Aneither
joined in nor opposed the motion.@  





[16] We note
that section 263.402 of the family code, known as the Areturn
and monitor statute@ authorizes the extension of the trial
court=s
jurisdiction A[n]otwithstanding
Section 263.401. . . .@  Tex. Fam. Code Ann. '263.402 (a)(Vernon Supp. 2002).  The provision, however, is inapplicable to
the case before us since it addresses a situation in which TDPRS, as temporary
managing conservator, returns a child to a parent and monitors the placement
for a court-imposed period not to exceed 180 days from the date of the timely
placement.  Here, TDPRS did not place any
child with a parent.  

 





[17]
As we are dismissing for lack of jurisdiction, we need not
address the questions previously raised by the record about the sufficiency of
the evidence and the termination order.  See
notes 3 and 11, supra, regarding the lack of evidence as to the
paternity of the children and the apparent lack of finality of the order
relating to Garcia. 

 





[18]
A dismissal under section 263.401(a) of the family code is
without prejudice.  See Bishop, 8
S.W.3d at 420.  Thus TDPRS is not barred
from re-filing the case asserting new grounds, if any, for the removal of the
children and new grounds, if any, for the termination of parental rights. See
Ruiz, 16 S.W.3d at 927.