In the Interest of C.V.G. a/k/a C.V.S., a Minor Child.

No. 01–01–00456–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 5, 2003.

Harry Wheeler Rhodes, Houston, TX, for Appellant.

Linda A. Thompson, Houston, TX, for Intervenor.

Sandra D. Hachem, Assistant County Attorney, Sallee S. Smyth, Short & Jenkins, L.L.P., Houston, TX, for Appellee.

Panel consists of Justices TAFT, MIRABAL,* and PRICE.**

## OPINION ON REHEARING

FRANK C. PRICE, Justice.

Texas Department of Protective and Regulatory Services (TDPRS), the appellee, and Allen C. and Pamela R. Gunter, the intervenors, filed motions for rehearing. We grant the motions, withdraw our opinion of October 31, 2002, and issue this one in its stead.

Maria Carolina Vicente Garcia appeals the final judgment terminating her parental rights as to C.V.G. (a.k.a. C.V.S.). In one point of error, Garcia argues that the trial court lacked jurisdiction to enter the final order because it failed to properly grant an order extending its jurisdiction beyond the dismissal date. We affirm.

## FACTS

In August 1999, Allen and Pamela Gunter became foster parents of C.V.G. On August 24, 1999, the Texas Department of Protective and Regulatory Services (TDPRS) filed a suit affecting the parent-child relationship (SAPCR), seeking to terminate Garcia's and Hector Sotelo's [1] parental rights to C.V.G. The trial court named TDPRS temporary managing conservator of C.V.G. on September 8, 1999.[2]

On July 26, 2000, TDPRS requested, by motion, an extension of the dismissal deadline, which originally was August 30, 2000. That same day, the trial court made the following entry on the docketing sheet: "continue FH and ext. of D.D. Look for placement. FH–11–13–00. Blood test on all F." On November 13, 2000, the trial court signed an order granting TDPRS's motion for extension of time and ordered that the new dismissal date was to be February 24, 2001.

On January 25, 2001, the Gunters filed their petition in intervention seeking termination of Garcia's and Sotelo's parental rights. The trial court granted the Gunters's intervention without objection from Garcia. On February 5–7, 2001, a bench trial was conducted; at its conclusion, the trial court found that Garcia's conduct had endangered C.V.G. and ordered Garcia's parental rights terminated. On February 19, 2001, the trial court entered a final judgment that terminated Garcia's parental rights and appointed TDPRS as C.V.G.'s sole managing conservator.[3]

## JURISDICTION

In her sole point of error, Garcia contends that the trial court did not have jurisdiction to enter a final order. Specifically, she argues that, because the trial court did not render an extension order that included a new dismissal date prior to the first Monday following the one-year anniversary of the date the trial court rendered a temporary order appointing

---

* The Honorable Margaret Garner Mirabal retired on December 31, 2002. Justice Mirabal continues to sit by assignment on this case, which was submitted on May 7, 2002.

** The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Hector Sotelo is also known as Hector Sotero.

2. The Clerk's Record does not contain the "Temporary Conservatorship Order." All parties concede in their briefs that the order was signed by the trial court on September 8, 1999, and TDPRS has included a copy of the order in its brief.

3. Sotelo's parental rights were also terminated in the judgment. He did not file a notice of appeal and is not a party to the appeal.

TDPRS as temporary managing conservator, the trial court lacked jurisdiction to enter the final order.

### Waiver

■ TDPRS argues that Garcia did not preserve error to challenge the trial court's failure to dismiss the suit under section 263.401 of the Family Code. TEX. FAM.CODE ANN. § 263.402(b) (Vernon 2002). Specifically, it argues that, because the Legislature amended sections 263.401 and 263.402 during the pendency of this appeal, Garcia was required to move for dismissal before TDPRS presented its evidence at trial.[4] See Act of June 11, 1997, 75th Leg., R.S., ch. 600, 1997 Tex. Gen. Laws 2108, 2113, amended by Act of May 22, 2001, 77th Leg., R.S., ch. 1090, §§ 8 and 9, 2001 Tex. Gen. Laws 2395, 2396. Garcia did not make a motion to dismiss the case for lack of jurisdiction.

These amendments, however, do not affect Garcia's ability to bring this appeal. The enacting legislation provides: "An appeal of a final order under Subchapter E, Chapter 263, Family Code, filed before the effective date of this Act is governed by the law in effect on the date the appeal was filed, and the former law is continued in effect for that purpose." Act of May 22, 2001, 77th Leg., R.S., ch. 1090, §§ 8 and 9, 2001 Tex. Gen. Laws 2395, 2396. Garcia filed her notice of appeal on March 26, 2001, and the amendments to sections 263.401 and 263.402 became effective September 1, 2001. Therefore, Garcia was not required to move for dismissal to preserve error for appeal. We conclude that Garcia's appeal is properly before this Court.

### TDPRS

■ In her sole point of error, Garcia argues

The trial court had no jurisdiction to enter a final order after the first Monday following the anniversary of the date the court rendered a temporary order appointing Appellee as Temporary Managing Conservator, because the trial court failed to render an extension order scheduling a new date for dismissal prior to the aforesaid first anniversary.

Appellant's argument is based on section 263.401(a) of the Family Code, which provides that, unless the trial court renders a final order by the first Monday after the first anniversary of the date the trial court rendered a temporary order appointing TDPRS as temporary managing conservator in a suit affecting the parent-child relationship (SAPCR), the trial court shall dismiss the suit. TEX. FAM.CODE ANN. § 263.401(a) (Vernon 2002); In re Neal, 4 S.W.3d 443, 445 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

Here, the trial court rendered its temporary order appointing a temporary managing conservator on September 8, 1999. The first Monday after the first anniversary of the trial court's signing of the order was on September 11, 2000. On July 26, 2000, the trial court made an entry on the docket sheet, which we construe as a continuance of the final hearing of the case until November 13, 2000 and an extension of the dismissal date. The docket sheet does not show the newly-scheduled dismissal date. On November 13, the trial

---

4. Amended section 263.402(b) states:

A party to a suit under this chapter who fails to make a timely motion to dismiss the suit or to make a motion requesting the court to render a final order before the deadline for dismissal under this subchapter waives the right to object to the court's failure to dismiss the suit. A motion to dismiss under this subsection is timely if the motion is made before the department has introduced all of the department's evidence, other than rebuttal evidence, at the trial on the merits.

TEX. FAM.CODE ANN. § 263.402(b) (Vernon 2002).

court signed an order granting the extension of the dismissal date until February 24, 2001. The order stated, in part, that, "on July 26, 2000, the [trial court] considered [TDPRS's] Motion for Extension of Dismissal date."

Garcia argues that, because the new dismissal date (February 24, 2001) was not included in the docket notation, the trial court failed to properly render the order extending the dismissal date. She also argues that, because the trial court did not properly extend its jurisdiction by making the docket entry, the trial court lacked jurisdiction to enter a final order terminating Garcia's parental rights in February.

Garcia relies on *In re Ruiz*, 16 S.W.3d 921, 924 (Tex.App.-Waco 2000, orig. proceeding), and *In re Bishop*, 8 S.W.3d 412, 419 (Tex.App.-Waco 2000, orig. proceeding), in support of her argument.

In *Ruiz*, the court considered whether the trial court's signed docket notation constituted a rendition of final judgment by written memorandum. *In re Ruiz*, 16 S.W.3d at 924. The docket notation indicated that a "decree of termination [was] to be entered as to both parents per [the] jury's verdict," but it did not name a managing conservator for the child. *Id.* The *Ruiz* court held that the docket notation did not grant TDPRS's petition because it merely indicated the trial court's intention to render a termination decree in the future; had the docket notation constituted a rendition of judgment, it would have been insufficient because it failed to address the appointment of a managing conservator. *Id.; see also* TEX. FAM.CODE ANN. § 263.401(d)(4) (Vernon 2002).

In *Bishop*, the trial court entered an order naming a temporary managing conservator on September 14, 1998. *In re Bishop*, 8 S.W.3d at 415. A permanency hearing was conducted on April 1, 1999. Following the hearing, the trial court entered an order stating that "the suit shall be dismissed on dates set by an amended scheduling order which date is not later than 180 days following the date this temporary order is rendered." *Id.* On July 15, 1999, the trial court entered an order continuing a pretrial hearing until September 16 and continuing the trial date until October 5. *Id.* On September 30, two days after the one-year dismissal deadline of September 28, the trial court heard and denied the relator's motion to dismiss. *Id.* The appeals court held that the extension order complied with all requirements of section 263.401(b) except subsection (b)(1), which requires that the order specify a new date of dismissal. *Id.* at 418. The *Bishop* court also held that, because the trial court's second extension order based on the "return and monitor" exception was entered two days after the extended dismissal date, the trial court was required to dismiss the suit. *Id.*[5]

Here, unlike *Ruiz*, the trial court's docket notation indicates a present intention to extend the dismissal date. Therefore, we consider, as did the *Bishop* court, whether the docket notation complies with the section 263.401(b) requirements for entering an order. Section 263.401(b) provides, in pertinent part, that the trial court shall render an order in which the court (1) schedules a new dismissal date, (2) makes any necessary temporary orders for the safety and welfare of the child, and (3) sets a final hearing date. Here, the trial court

---

**5.** In *Bishop*, both the trial court and the appeals court read the permanency hearing order and the scheduling order together to determine the new dismissal date. *In re Bishop*, 8 S.W.3d 412, 419 (Tex.App.-Waco 2000, orig. proceeding). This case is distinguishable. In *Bishop*, both the permanency hearing order and the scheduling order were rendered before the one-year dismissal deadline passed. *Id.*

set the final hearing date for November 13, 2000, made an order to "look for placement," and ordered "blood test[s] on all F."[6] The docket notation complied with subsections two and three. However, the docket notation failed to include a new dismissal date, as required by section 263.401(b)(1). The trial court, therefore, lost jurisdiction over the case on September 12, 2000. Furthermore, even if, by giving meaning to the docket sheet, we construed the November 13, 2000 final hearing date as the new dismissal date, the trial court violated section 263.401(c) of the Family Code by thereafter setting a later dismissal date of February 24, 2001. *See* TEX. FAM.CODE ANN. § 263.401(c)(Vernon 2002) (only one order extending dismissal date is allowed). Accordingly, the trial court lost jurisdiction over TDPRS's SAPCR before the trial on February 5, 2001.

### The Gunters

■ All parties agree that the Gunters had standing to bring suit seeking termination based on their role as C.V.G.'s care givers for one and one-half years. *See* TEX. FAM.CODE ANN. § 102.003(12) (Vernon 2002). Even if, as we have decided, the trial court no longer had jurisdiction over TDPRS's petition, there was nothing to preclude the Gunters from filing suit under section 161.001.[7]

The Gunters' petition in intervention sought termination of Garcia's and Sotelo's parental rights. The final order of the

trial court granted the same relief that the Gunters requested with respect to termination, and the Gunters have requested an affirmance of the trial court's judgment.

The trial court can appoint any suitable person or agency to be C.V.G.'s managing conservator, regardless of whether such person or agency filed pleadings requesting such appointment. TEX. FAM.CODE ANN. § 161.207 (Vernon 2002); *In re Ruiz,* 16 S.W.3d at 925. Therefore, our decision that the trial court had no jurisdiction over TDPRS's claims is of no consequence to the trial court's decision to name TDPRS as C.V.G.'s managing conservator. Garcia's and Sotelo's parental rights are terminated and TDPRS is C.V.G.'s managing conservator.[8]

We overrule Garcia's sole point of error and find that the trial court, despite having lost jurisdiction over TDPRS's claims, maintained jurisdiction over the Gunters' petition.

### Conclusion

All pending motions are denied. We reform the decree to reflect that the Gunters were the petitioners, and, as reformed, we affirm.

Justice MIRABAL concurring.

MARGARET GARNER MIRABAL, Justice, concurring.

I agree that the trial court had jurisdiction to enter the final order by virtue of the Gunters' petition seeking termination

---

6. The trial court entered a signed order for blood tests on July 26, 2000, the same day it made the docket notation extending the dismissal date.

7. We note that the Gunters did not need the trial court's permission to file their petition seeking termination. *See* TEX. FAM.CODE ANN. § 102.003(12) (Vernon 2002). Therefore, even though the Gunters titled their pleading "Petition in Intervention" and filed it under

the cause number of TDPRS's suit, that is not fatal to the trial court's jurisdiction. *Leach v. Brown,* 156 Tex. 66, 292 S.W.2d 329, 331 (1956). Further, by appearing at trial, Garcia waived service of citation in the Gunters' suit.

8. Garcia's appeal does not contest the sufficiency of the evidence to support the termination. It simply addresses the trial court's jurisdiction to make such a finding.

of parental rights. However, I respectfully disagree with the majority opinion's conclusion that the trial court lost jurisdiction of TDPRS's suit seeking termination. Accordingly, I file this concurring opinion.

The trial court signed an order appointing TDPRS temporary managing conservator of C.V.G. on September 8, 1999. The initial deadline for dismissing the case was September 11, 2000. *See* TEX. FAM. CODE ANN. § 263.401(a) (Vernon 2002). The issue presented is whether, prior to September 11, 2000, the trial court rendered an order that extended its jurisdiction over the case until February 24, 2001, thus resulting in the February 19, 2001 judgment being entered while the trial court still had jurisdiction over TDPRS's suit.

For suits affecting the parent-child relationship, the Legislature has provided that rendition of an order may be accomplished as follows:

> "Render" means the pronouncement by a judge of the court's ruling on a matter. The pronouncement may be made orally in the presence of the court reporter or in writing, including on the court's docket sheet or by a separate written instrument.

TEX. FAM.CODE ANN. § 101.026 (Vernon 2002). Thus, contrary to the general rule in civil cases, a docket notation standing alone constitutes rendition of judgment in suits affecting the parent-child relationship. *See In re Ruiz*, 16 S.W.3d 921, 924 n. 4 (Tex.App.-Waco 2000, orig. proceeding).

The record in the present case shows that the final hearing was originally set for July 26, 2000. On that date, the parties appeared in court and TDPRS requested, by motion, an extension of the September 11, 2000 dismissal deadline. The trial court, on July 26, 2000, by docket entry, rendered an order continuing the final hearing to November 13, 2000, and granting the motion to extend the dismissal date. Although we do not have a record of the oral pronouncement from the bench on July 26, 2000, we do have the following: we know that the trial court granted a motion for extension of the dismissal date; we have the docket entry rendering an extension of the dismissal date; and we have a signed order dated November 13, 2000 reciting that on July 26, 2000 the court considered the motion for extension of the dismissal date and stating the extended dismissal date to be February 24, 2001. Again, the signed order was not necessary to extend the dismissal date; the docket entry granting the motion to extend the dismissal date was sufficient. *See* TEX. FAM.CODE ANN. § 101.026 (Vernon 2002). Accordingly, on February 19, 2001, the trial court had jurisdiction to render the final order in this case, granting the relief sought both by TDPRS and the Gunters. I agree we should overrule Garcia's sole point of error and affirm the judgment.