Opinion issued June 5, 2003











  
 


In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-01-00456-CV
____________
 
IN THE INTEREST OF C.V.G. a/k/a C.V.S., A MINOR CHILD
 
 

 
 
On Appeal from the 313th District Court
Harris County, Texas
Trial Court Cause No. 99-05963J 
 

 
 
CONCURRING OPINION
          I agree that the trial court had jurisdiction to enter the final order by virtue of
the Gunters’ petition seeking termination of parental rights. However, I respectfully
disagree with the majority opinion’s conclusion that the trial court lost jurisdiction
of TDPRS’s suit seeking termination. Accordingly, I file this concurring opinion.
          The trial court signed an order appointing TDPRS temporary managing
conservator of C.V.G. on September 8, 1999. The initial deadline for dismissing the
case was September 11, 2000. See Tex. Fam. Code Ann. § 263.401(a) (Vernon
2002). The issue presented is whether, prior to September 11, 2000, the trial court
rendered an order that extended its jurisdiction over the case until February 24, 2001,
thus resulting in the February 19, 2001 judgment being entered while the trial court
still had jurisdiction over TDPRS’s suit. 
          For suits affecting the parent-child relationship, the Legislature has provided
that rendition of an order may be accomplished as follows:
“Render” means the pronouncement by a judge of the court’s
ruling on a matter. The pronouncement may be made orally in
the presence of the court reporter or in writing, including on the
court’s docket sheet or by a separate written instrument.
 
Tex. Fam. Code Ann. § 101.026 (Vernon 2002). Thus, contrary to the general rule
in civil cases, a docket notation standing alone constitutes rendition of judgment in
suits affecting the parent-child relationship. See In re Ruiz, 16 S.W.3d 921, 924 n.4
(Tex. App.—Waco 2000, orig. proceeding). 
          The record in the present case shows that the final hearing was originally set
for July 26, 2000. On that date, the parties appeared in court and TDPRS requested,
by motion, an extension of the September 11, 2000 dismissal deadline. The trial
court, on July 26, 2000, by docket entry, rendered an order continuing the final
hearing to November 13, 2000, and granting the motion to extend the dismissal date. 
Although we do not have a record of the oral pronouncement from the bench on July
26, 2000, we do have the following: we know that the trial court granted a motion
for extension of the dismissal date; we have the docket entry rendering an extension
of the dismissal date; and we have a signed order dated November 13, 2000 reciting
that on July 26, 2000 the court considered the motion for extension of the dismissal
date and stating the extended dismissal date to be February 24, 2001. Again, the
signed order was not necessary to extend the dismissal date; the docket entry granting
the motion to extend the dismissal date was sufficient. See Tex. Fam. Code Ann.
§ 101.026 (Vernon 2002). Accordingly, on February 19, 2001, the trial court had
jurisdiction to render the final order in this case, granting the relief sought both by
TDPRS and the Gunters. I agree we should overrule Garcia’s sole point of error and
affirm the judgment.

 
Margaret Garner Mirabal
                                                                        Justice
Panel consists of Justices Taft, Mirabal,


 and Price.