**In re Edna Renee NEAL, Relator.**

**No. 01–99–01064–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 21, 1999.

Rehearing Overruled Dec. 2, 1999.

Robert L. Wharton, Huntsville, for Relator.

Kay Douglas, Huntsville, for Real Parties in Interest.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and DUGGAN.*

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

In this mandamus proceeding, the issues for this Court are (1) whether "constructive compliance" with the requirements of TEX. FAM.CODE ANN. § 263.402(a) (Vernon Supp.1999) will allow the trial court to retain jurisdiction and not dismiss the suit affecting the parent-child relationship as required by TEX. FAM.CODE ANN. § 263.401 (Vernon Supp.1999); and, if so, (2) whether there has been constructive compliance with section 263.402(a) in the proceeding below. We grant relief.

Chapter 263 of the Family Code is entitled "Review of Placement of Children Under Care of Department of Protective and Regulatory Services." In essence, chapter 263 mandates that no later than a year after the department becomes the temporary managing conservator of a child, a final order must be entered concerning the child,[1] or the suit must be dismissed.

▮ The relator, Edna Renee Neal, asks this Court to issue a writ of mandamus ordering Judge Hale[2] to dismiss the

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. A "final order" is one that (1) requires a child to be returned to the child's home; (2) names a relative of the child or another person as the child's managing conservator; (3) without terminating the parent-child relationship, appoints the department as the managing conservator of the child; or (4) terminates the parent-child relationship and appoints a relative, another person, or the department as managing conservator of the child. TEX. FAM. CODE ANN. § 263.401(d) (Vernon Supp.1999).

2. The Honorable Barbara Wade Hale, judge of the County Court at Law of Walker County, Texas. The underlying lawsuit is *In the Inter-*

underlying suit affecting the parent-child relationship, to vacate all prior orders in the underlying suit, and to require the immediate return to her of her three older children, D.J., M.J., and C.J.[3] The relator contends that Judge Hale has no discretion to do anything other than dismiss the suit under TEX. FAM.CODE ANN. § 263.401(a), (c) (Vernon Supp.1999) because more than 18 months have elapsed since she signed a temporary order appointing the Texas Department of Protective and Regulatory Services (DPRS) as temporary managing conservator of the children.

Section 263.401(a) of the Family Code[4] provides that unless the trial court renders a final order on the first Monday after the first anniversary of the date the trial court rendered a temporary order appointing DPRS as temporary managing conservator in a suit affecting the parent-child relationship (SAPCR suit), the trial court "**shall** dismiss the [SAPCR] suit." (Emphasis added.) There are two exceptions to the "one year final order or dismiss" rule.

The first is that before expiration of the one-year period, the trial court may extend its jurisdiction of the SAPCR suit in an extension order for a period no longer than 180 days after the "first Monday after the first anniversary." TEX. FAM.CODE ANN. § 263.401(b) (Vernon Supp.1999). Among other things, the extension order must schedule a new dismissal date for the SAPCR suit. TEX. FAM.CODE ANN. § 263.401(b)(1) (Vernon Supp.1999). There may be only one such extension. TEX. FAM.CODE ANN. § 263.401(c) (Vernon Supp.1999).

The second exception occurs under TEX. FAM.CODE ANN. § 263.402(a), known as the

"return and monitor" statute. The trial court may retain jurisdiction of the SAPCR suit and not dismiss under section 263.401(a), if the trial court renders a temporary order that (1) finds that retaining jurisdiction is in the best interest of the child; (2) orders DPRS to return the child to the child's parent or to place the child with a relative of the child; (3) orders DPRS to continue to serve as temporary managing conservator of the child; **and** (4) orders DPRS to monitor the child's placement to ensure that the child is in a safe environment. TEX. FAM.CODE ANN. § 263.402(a)(1)-(4) (Vernon Supp.1999). The section 263.402(a) temporary order must include specific findings regarding the grounds for the order and schedule a new dismissal date for the SAPCR suit. TEX. FAM.CODE ANN. § 263.402(b)(1), (2) (Vernon Supp.1999). The dismissal date must be no later than the 180th day after the date the temporary order is rendered. TEX. FAM.CODE ANN. § 263.402(b)(2) (Vernon Supp.1999).

There is no limit on the number of temporary orders that may be rendered under section 263.402(a). Any de facto extension in the "one year final order or dismiss" rule of section 263.401(a) that results from a section 263.402(a) temporary order does not prevent a one-time extension under section 263.401(b).

If a child placed under a section 263.402(a) temporary order must be moved from the home by DPRS before dismissal of the SAPCR suit or the rendering of a final order, at the time of the removal, the trial court must schedule a new date for dismissal of the SAPCR suit. TEX. FAM. CODE ANN. § 263.402(c) (Vernon Supp.

---

est of D.J., M. J., and C. J., trial court cause no. 20,090.

**3.** The relator's three younger children are not included in this mandamus proceeding. Litigation regarding them has been settled, and a grandparent has been awarded permanent managing conservatorship of them.

**4.** Sections 263.401 and 263.402 were created by Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2112–13, Act of May 28, 1997, 75th Leg., R.S., ch. 603, § 12, 1997 Tex. Gen. Laws 2119, 2123–24, and Act of May 31, 1997, 75th Leg., R.S., ch. 1022, § 90, 1997 Tex. Gen. Laws 3733, 3768–69. They became effective on January 1, 1998.

1999). The new dismissal date may not be later than the original dismissal date under section 263.401 or the 180th day after the child is moved, whichever is later. *Id.*

The facts underlying this mandamus proceeding are undisputed. On March 3, 1998, Judge Hale signed an order appointing the Walker County Children's Protective Services Unit of DPRS as the temporary managing conservator of D.J., M.J., and C.J. On March 5, 1999, following a permanency hearing on February 19, 1999, Judge Hale signed a permanency hearing order that set August 23, 1999, as the dismissal date.

On July 23, 1999, DPRS filed a first amended petition for protection of children and for termination in the SAPCR suit. The petition requested Judge Hale to set a new dismissal date of September 3, 1999, to which an opposition by the relator was filed on July 27, 1999. On July 27, 1999, Judge Hale signed an order granting a new dismissal date of November 1, 1999.[5] On September 3, 1999, the relator moved to dismiss the SAPCR suit under section 263.401(a), which Judge Hale denied on September 20, 1999. Judge Hale never signed any temporary order containing the findings mandated under section 263.402(a).

Applying the "one year final order or dismiss" rule of section 263.401(a) to the above facts, a final order in the SAPCR suit concerning D.J., M.J., and C.J. should have been rendered on or before March 8, 1999, the first Monday after the first anniversary of the March 3, 1998, date that DPRS was appointed temporary managing

conservator of the children. Although a final order was not rendered by March 8, 1999, on March 5, 1999, Judge Hale extended the court's jurisdiction and set a new dismissal date of August 23, 1999, a date which was within the 180–day period allowed for an extension under section 263.401(b). Under section 263.401(c), the extension to August 23, 1999 was the last extension that could be granted.[6]

■ Notwithstanding the dictates of section 263.401(a), on July 27, 1999, Judge Hale again extended the dismissal date, to November 1, 1999. Nonetheless, real party in interest, DPRS, argues that Judge Hale did not abuse her discretion or violate a nondiscretionary duty because there was "de facto" compliance with section 263.402(a).

According to DPRS, TEX. FAM.CODE ANN. § 263.004(a) (Vernon 1996) permits DPRS to return a child to a parent for custody, care, or control with notice to the trial court, but without the necessity of a court order. In this case, DPRS states that D.J. and C.J. were returned to the relator in mid-December 1998 under the provisions of section 263.004(a) and in accordance with the family service and permanency plans filed by DPRS and approved by the CPS Cluster Court of Walker County, Texas on April 30, 1998. DPRS maintains that cluster court approval of the plans, which contemplated return of the children to their mother, coupled with the return of the children in mid-December 1998 under section 263.004(a), constituted a temporary order under section 263.402, which allowed Judge Hale to extend the dismissal date.[7] We disagree.[8]

---

**5.** The order did nothing more than grant the motion for a new dismissal date. The order contained no findings.

**6.** A temporary order under section 263.402(a), the other extension provision, was not sought. The July 27, 1999, order setting a new dismissal date of November 1, 1999 cannot be considered a temporary order under section 263.402(a) because it did not return the children to a parent or place them with a relative or contain the findings mandated by that section.

**7.** Under the DPRS argument, the dismissal date would be the later of March 8, 1999 (the original dismissal date under section 263.401(a)) or the 180th day after the date children were removed from their home the second time. According to DPRS, the second removal date was June 21, 1999.

**8.** In so doing we follow the rules of statutory construction set forth in the common law, *see Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex.1997), and the Code

Sections 263.401 and 263.402 represent a scheme adopted by the 1997 Legislature to ensure that children would remain under the temporary care of DPRS for no longer than one year, with an extension not to exceed 180 days beyond that under the two exceptions outlined above. Section 263.004 was added by the 1995 Legislature and was not changed by the 1997 Legislature. There is no indication of any legislative intent to have section 263.004 serve as a third basis for any extension of the one-year deadline under section 263.401(a). Were we to so construe section 263.004, we would render meaningless the deadlines of sections 263.401(a) and (b) and 263.402(b)(2) and the findings requirements of section 263.402(b)(1). Rather, section 263.004 gives DPRS the flexibility to attempt reunification in accordance with the family service and permanency plans, subject to the deadlines of section 263.401.

■ Mandamus issues to correct the violation of a duty imposed by law when there is no other adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). We conclude that Judge Hale has violated the duty imposed by section 263.401(a) and (b), requiring either a final order to be entered in the underlying SAPCR suit no later than August 23, 1999 or dismissal of the suit. We further conclude there is no adequate remedy by appeal. The legislative purpose of a final order in or dismissal of a SAPCR suit no later than 18 months after the date DPRS is appointed temporary managing conservator will be evaded if mandamus does not issue.

We conditionally grant the writ of mandamus. Unless Judge Hale performs her nondiscretionary duty and renders an order in compliance with TEX. FAM.CODE ANN. § 263.401 (Vernon Supp.1999) no later than 5:00 p.m. on Friday, October 22, 1999, the writ will issue.

Construction Act, TEX. GOV'T CODE ANN. § 311.001 (Vernon 1998).