**David PATIR, Appellant,**

v.

**MFC INTERNATIONAL CORPORATION, Appellee.**

**No. 01–00–00780–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 1, 2001.

Gregg M. Rosenberg, Gregg M. Rosenberg & Associates, Houston, for appellant.

James Thurlow Southwick, Susman Godfrey, L.L.P., Houston, for appellee.

Panel consists of Chief Justice SCHNEIDER and Justices WILSON and JENNINGS.

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

Appellant ("Patir") sought damages for breach of contract relating to a commission agreement with appellee ("MFC"). MFC counterclaimed for damages relating to Patir's breach of contract and breach of fiduciary duty. The jury awarded damages and attorney's fees to both parties, and the trial judge entered a judgment in conformity with the jury's verdict. Patir moved for a judgment notwithstanding the verdict on the attorney's fees awarded to MFC, which the trial court denied. Patir appeals, arguing it was an abuse of discretion for the trial court to: (1) permit MFC's expert testify regarding attorney's fees; and (2) award attorney's fees to MFC. We affirm.

### Factual and Procedural Background

John McFarlane, MFC's CEO, and Patir signed a compensation agreement for Patir's work in developing negotiations with a Russian delegation for the sale of MFC's interest in a Russian joint venture. Several months later, Patir sued McFarlane and MFC for breach of the compensation agreement. MFC counterclaimed for breach of contract and breach of fiduciary duty. Both parties sought attorney's fees.

The jury found in Patir's favor and awarded him $142,457.52 in actual damages and $56,983.00 in attorney's fees.

The jury also awarded $18,000 in actual damages and $56,983.00 in attorney's fees to MFC on its counterclaim. The trial court entered a judgment in accordance with the jury's verdict.

Prior to trial, Patir had requested all materials relied upon by MFC's experts.[1] The request obligated MFC to disclose all attorney billing records that Mark Wawro, as an expert on attorney's fees, had reviewed. However, MFC did not disclose any billing records to Patir.[2] Therefore, Patir contends Wawro's testimony should not have been admitted. Further, Patir complains that he was not given an opportunity to determine if MFC's attorney's fees were reasonable and necessary without such evidence. However, Patir has failed to preserve error on this issue.

### Analysis

At trial, Wawro testified that he had reviewed the billing records of his firm, including the rates at which the lawyers who worked on the case were billed and the number of hours worked on the case by firm members, and he concluded that the firm had billed approximately $65,000 in fees on the case. At this point, counsel for Patir asked to take Wawro on voir dire, established that the firm's billing records had not been turned over during discovery, and lodged the following objection:

[Counsel for Patir]: Your Honor, at this time, we would respectfully move to exclude Mr. Wawro's testimony in its entirety. We provided a document request requesting all documents and tangible things prepared by expert witnesses, obtained by the experts, re-

viewed by the experts, et cetera, et cetera, a standard request for production. We never received any of the firm's billing records in response. Their response to us on August 30th of 1999 was that defendants will produce responsive documents in their possession, custody or control. We have not received any billing records to this date, therefore, we would move to exclude Mr. Wawro's testimony in its entirety.

The trial court questioned MFC's attorney about whether he planned to introduce the billing records into evidence.

[The court]: You're not going to move to have the fees—the documentation—the report or whatever it is you've produced, you're not going to seek to admit that, are you, the attorneys' fees records?

[MFC's counsel]: I wasn't going to move to admit them, no.

[The court]: All right. That's fine.

[Patir's counsel]: It still forms the basis of his opinion, and its not going to allow me to adequately cross-examine on the reasonableness and necessity. 260 hours is a lot for this case.

[The court]: Well, let's go ahead and explore a little bit further as to his— what he did specifically and how he has come up with this opinion and so forth. Can you do that? See if you can do that without relying on the records that he's wholly justified and admitted—and objected to, okay? Do you follow me?

[MFC's counsel]: Yes.

[The court]: All right. Go ahead.

---

1. The discovery request was for "all documents ... reviewed by the expert(s) and/or forming the basis in whole or in part, of his or her opinions regarding the subject matter of this lawsuit ..." Mark Wawro, a partner at the firm of Susman Godfrey, testified as an expert on the issue of attorney's fees for MFC.

2. The response to the request for production merely stated that "[d]efendants will produce responsive documents in their possession, custody, or control."

[Patir's counsel]: What about—so there's no ruling yet?

[The court]: *No ruling yet.*

[Patir's counsel]: No ruling yet. Okay.

At this point in the trial, Patir had asked that Wawro's testimony be entirely excluded because of MFC's failure to provide the billing records, but the trial court clearly deferred ruling on the issue. As such, Patir had not yet obtained an adverse ruling, as required by TEX.R.APP. P. 33.1(a)(2).

Wawro then testified, without reference to the billing records, that in his experience as an attorney, a reasonable and necessary fee would have been $75,000.

[MFC's counsel]: Based on your familiarity with how this case has been handled in our firm, do you think the work that the firm has put forth is reasonable?

[Wawro]: Yes.

[MFC's counsel]: Do you think the total fees we've charged are reasonable?

[Wawro]: Yes. They're—they're less than what I think a reasonable fee would be.

This portion of Wawro's testimony was not objected to by Patir's counsel. Only when MFC's counsel again made reference to the billing records did Patir's counsel reurge his objection.

[MFC's counsel]: And do you think the expenses we've incurred in addition to the attorney's hours are reasonable?

[Patir's counsel]: I need to object to this, your Honor. I haven't seen any of these expenses. I can't adequately cross-examine it. It's the same objection renewed. Can I get a running objection.

[The court]: *Sustained. I'll sustain it.*

Shortly after the trial court's ruling, MFC's counsel passed the witness. Patir's counsel asked a few questions about how the firm arrived at Wawro's billing rate, and then Wawro was excused.

Examining Patir's objections to Wawro's testimony as a whole, we believe that Patir obtained only a partial ruling on his initial objection. He initially asked that Wawro's testimony be stricken in its entirety because of MFC's failure to provide the billing records through discovery. Instead, the trial court allowed Wawro to testify from his own experience, without referring to the billing records, what amount would constitute a reasonable and necessary fee for the case. However, Wawro was not permitted to testify from the billing records about the expenses incurred in preparing the case.

Once the trial court partially sustained his objection, Patir did not reurge his objection that Wawro's testimony be stricken entirely. Neither did he ask that the jury be instructed to disregard the evidence it had *already heard* on the reasonableness of the fees, which had not been based on the billing records, but on Wawro's experience as an attorney.

Because Patir did not further object to the trial court's decision to *partially* allow Wawro's testimony as long as he did not rely on the billing records, Patir has waived error. *See* TEX.R.APP. 33.1(a)(2). Furthermore, even if we were to construe the trial court's ruling as sustaining Patir's objection to Wawro's entire testimony, it then became Patir's burden to ask the trial court to instruct the jury to disregard the testimony it had already heard. Absent such a request by Patir and its denial by the trial judge, there is no adverse ruling against appellant. *See State Bar of Texas v. Evans,* 774 S.W.2d 656, 659 n. 6 (Tex.1989)(after objection is sustained, failure to request court to instruct jury to disregard inadmissible testimony waives error if instruction would have cured error); *Peshak v. Greer,* 13 S.W.3d 421, 424–

25 (Tex.App.—Corpus Christi 2000, no pet.)(error waived by not following sustained objection with request for instruction to disregard). Patir did not request an instruction to disregard.

Accordingly, we hold that Patir has waived his right to complain about the admission of Wawro's testimony and overrule his sole point of error.

We affirm the judgment.