Opinion issued October 31, 2002









 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00456-CV

____________


IN THE INTEREST OF C.V.G. a/k/a C.V.S., A MINOR CHILD







On Appeal from the 313th District Court

Harris County, Texas

Trial Court Cause No. 99-05963J






O P I N I O N

 Maria Carolina Vicente Garcia appeals the final judgment terminating her and
Hector Sotelo's parental rights as to C.V.G. (a.k.a. C.V.S.). In one point of error,
Garcia argues the trial court lacked jurisdiction to enter the final order because it
failed to properly grant an order extending its jurisdiction beyond the dismissal date. 
We reverse.

FACTS

 In August 1999, Allen and Pamela Gunter became foster parents of C.V.G. 
On August 24, 1999, the Texas Department of Protective and Regulatory Services
(TDPRS) filed a suit affecting the parent-child relationship (SAPCR), seeking to
terminate Garcia's and Sotelo's (1)
 parental rights to C.V.G. The trial court named
TDPRS temporary managing conservator of C.V.G. on September 8, 1999. (2) On July
26, 2000, TDPRS requested, by motion, an extension of the dismissal deadline, which
originally was August 30, 2000. That same day, the trial court made the following
entry on the docketing sheet: "continue FH and ext. of D.D. Look for placement. 
FH - 11- 13- 00. Blood test on all F." On November 13, 2000, the trial court signed
an order granting TDPRS's motion for extension of time and ordered that the new
dismissal date was to be February 24, 2001.

 On January 25, 2001, the Gunters filed their petition in intervention seeking
termination of Garcia's and Sotelo's parental rights. The trial court granted the
Gunters's intervention without objection from Garcia. On February 5-7, 2001, a
bench trial was conducted; at its conclusion, the trial court found Garcia's conduct
had endangered C.V.G. and ordered Garcia's parental rights terminated. On February
19, 2001, the trial court entered a final judgment which terminated Garcia's parental
rights and appointed TDPRS as C.V.G.'s sole managing conservator. (3)

DISCUSSION

 In her sole point of error, Garcia contends the trial court did not have
jurisdiction to enter a final order. Specifically, she argues that, because the trial court
did not render an extension order which included a new dismissal date prior to the
first Monday following the one-year anniversary of the date the trial court rendered
a temporary order appointing TDPRS as temporary managing conservator, the trial
court lacked jurisdiction to enter the final order. 

Waiver

 TDPRS and the Gunters argue that Garcia did not preserve error to challenge
the trial court's failure to dismiss the suit under section 263.401 of the Family Code. 
Tex. Fam. Code Ann. § 263.402(b) (Vernon 2002). Specifically, they argue that,
because the Legislature amended sections 263.401 and 263.402 during the pendency
of this appeal, Garcia was required to move for dismissal before TDPRS presented
its evidence at trial. (4) See Act of June 11, 1997, 75th Leg., R.S., ch. 600, 1997 Tex.
Gen. Laws 2108, 2113 amended by Act of May 22, 2001, 77th Leg., R.S., ch. 1090, 
§§ 8 and 9, 2001 Tex. Gen. Laws 2395, 2396. Garcia did not make a motion to
dismiss the case for lack of jurisdiction.

 These amendments, however, do not affect Garcia's ability to bring this appeal. 
The enacting legislation provides: "An appeal of a final order under Subchapter E,
Chapter 263, Family Code, filed before the effective date of this Act is governed by
the law in effect on the date the appeal was filed, and the former law is continued in
effect for that purpose." Id. Garcia filed her notice of appeal on March 26, 2001, and
the amendments to sections 263.401 and 263.402 became effective September 1,
2001. Therefore, Garcia was not required to move for dismissal to preserve error for
appeal. We conclude that Garcia's appeal is properly before this Court. 

Order Extending Dismissal Date

 During the pendency of this case, section 263.401(a) of the Family Code
provided that, unless the trial court renders a final order by the first Monday after the
first anniversary of the date the trial court rendered a temporary order appointing
TDPRS as temporary managing conservator in a SAPCR, the trial court shall dismiss
the suit. Tex. Fam. Code Ann. § 263.401(a) (Vernon Supp. 1999); In re Neal, 4
S.W.3d 443, 445 (Tex. App.--Houston [1st Dist.] 1999, no pet.). 

 There are two exceptions to the rule requiring dismissal after one year. Neal,
4 S.W.3d at 445. The first exception, known as the "return and monitor statute,"
allows a trial court to retain jurisdiction of the SAPCR. Tex. Fam. Code Ann. §
263.402(a) (Vernon Supp. 1999); (5) In re Neal, 4 S.W.3d at 445. A trial court may
retain jurisdiction and not dismiss under section 263.401(a) if the court (1) finds that
retaining jurisdiction is in the best interest of the child, (2) orders TDPRS to return
the child to the child's parent(s) or to place the child with a relative of the child, (3)
orders TDPRS to continue to serve as temporary managing conservator of the child,
and (4) orders TDPRS to monitor the child's placement to ensure that the child is in
a safe environment. Tex. Fam. Code Ann. § 263.402(a)(1)-(4) (Vernon Supp.
1999); In re Neal, 4 S.W.3d at 445. Because C.V.G. was not ordered to be returned
to Garcia or another of C.V.G.'s relatives during the pendency of the SAPCR, this
exception is inapplicable.

 The second exception allows the trial court, before the expiration of the one-year period, to extend its jurisdiction of the SAPCR in an extension order for a period
no longer than 180 days after the "first Monday after the first anniversary" of entering
the temporary order appointing a temporary managing conservator. Tex. Fam. Code
Ann. § 263.401(b) (Vernon Supp. 1999); In re Neal, 4 S.W.3d at 445. The extension
order must schedule a new dismissal date for the SAPCR. Tex. Fam. Code Ann.
§ 263.401(b)(1); In re Neal, 4 S.W.3d at 445. Only one extension order is allowed. 
Tex. Fam. Code Ann. § 263.401(c) (Vernon Supp. 1999); In re Neal, 4 S.W.3d at
445.

 Here, the trial court rendered its temporary order appointing a temporary
managing conservator on September 8, 1999. The first Monday after the first
anniversary of the trial court's signing of the order was on September 11, 2000. (6)
 On
July 26, 2000, the trial court made an entry on the docket sheet, which we construe
as a continuance of the final hearing of the case until November 13, 2000 and an
extension of the dismissal date. (7)
 The docket sheet does not show the newly-scheduled dismissal date. On November 13, the trial court signed an order granting
the extension of the dismissal date until February 24, 2001. The order stated, in part,
that, "on July 26, 2000, the [trial court] considered [TDPRS's] Motion for Extension
of Dismissal date."

 Garcia argues that, because the new dismissal date (February 24, 2001) was not
included in the docket notation, the trial court failed to properly render the order
extending the dismissal date. She also argues that, because the trial court did not
properly extend its jurisdiction by making the docket entry, the trial court lacked
jurisdiction to enter a final order terminating Garcia's parental rights in February.

 Garcia relies on In re Ruiz, 16 S.W.3d 921, 924 (Tex. App.--Waco 1999, orig.
proceeding), and In re Bishop, 8 S.W.3d 412, 419 (Tex. App.--Waco 2000, orig.
proceeding) in support of her argument. 

 In Ruiz, the court considered whether the trial court's signed docket notation
constituted a rendition of final judgment by written memorandum. In re Ruiz, 16
S.W.3d at 924. The docket notation indicated that a "decree of termination [was] to
be entered as to both parents per [the] jury's verdict," but it did not name a managing
conservator for the child. Id. The Ruiz court held that the docket notation did not
grant TDPRS's petition because it merely indicated the trial court's intention to
render a termination decree in the future; had the docket notation constituted a
rendition of judgment, it would have been insufficient because it failed to address the
appointment of a managing conservator. Id.; see also Tex. Fam. Code Ann. §
263.401(d)(4) (Vernon 2002).

 In Bishop, the trial court entered an order naming a temporary managing
conservator on September 14, 1998. In re Bishop, 8 S.W.3d at 415. A permanency
hearing was conducted on April 1, 1999. Following the hearing, the trial court
entered an order stating that "the suit shall be dismissed on dates set by an amended
scheduling order which date is not later than 180 days following the date this
temporary order is rendered." Id. On July 15, 1999, the trial court entered an order
continuing a pretrial hearing until September 16 and continuing the trial date until
October 5. Id. On September 30, two days after the one-year dismissal deadline of
September 28, the trial court heard and denied the relator's motion to dismiss. Id. 
The appeals court held the extension order complied with all requirements of section
263.401(b) except subsection (b)(1), requiring that the order specify a new date of
dismissal. Id. at 418. The Bishop court also held that, because the trial court's
second extension order based on the "return and monitor" exception was entered two
days after the extended dismissal date, the trial court was required to dismiss the suit. 
Id. (8)

 Here, unlike Ruiz, the trial court's docket notation indicates a present intention
to extend the dismissal date. Therefore, we consider, as did the Bishop court, whether
the docket notation complies with the section 263.401(b) requirements for entering
an order. Section 263.401(b) provides, in pertinent part, that the trial court shall
render an order in which the court (1) schedules a new dismissal date, (2) makes any
necessary temporary orders for the safety and welfare of the child, and (3) sets a final
hearing date. Here, the trial court set the final hearing date for November 13, 2000,
made an order to "look for placement," and ordered "blood test[s] on all F." (9) The
docket notation complied with subsections two and three. However, the docket
notation failed to include a new dismissal date, as required by section 263.401(b)(1). 
The trial court, therefore, lost jurisdiction over the case on September 12, 2000. 
Furthermore, even if, by giving meaning to the docket sheet, we construed the
November 13, 2000 final hearing date as the new dismissal date, the trial court
violated section 263.401(c) of the Family Code by thereafter setting a later dismissal
date of February 24, 2001. See Tex. Fam. Code Ann. § 263.401(c) (only one order
extending dismissal date is allowed). Accordingly, the trial court lost jurisdiction
over TDPRS's SAPCR before the trial on February 5, 2001.

 We sustain Garcia's sole point of error.

The Gunters' Suit

 The Gunters and TDPRS argue that, because the Gunters had standing to bring,
and did bring, suit seeking termination of Garcia's parental rights, the trial court had
jurisdiction to enter the final order based on the Gunters' petition. All parties
concede that the Gunters had standing to bring suit seeking termination based on their
role as C.V.G.'s care givers for one and one-half years. See Tex. Fam. Code Ann.
§ 102.003(12) (Vernon 2002). The Gunters and TDPRS contend that, because the
trial court allowed the Gunters' petition in intervention without objection from
Garcia, they became a party to TDPRS's suit for all purposes. We disagree. We have
already concluded that the trial court lost jurisdiction over TDPRS's suit in
September 2000. Because the Gunters filed their intervention suit on January 25,
2001, nearly four months after the trial court lost jurisdiction, the trial court was also
without power to allow any intervention in TDPRS's underlying suit. 

Conclusion All pending motions are denied. We reverse the judgment and remand the
cause to the trial court for dismissal for want of jurisdiction.

 


 Frank C. Price

 Justice


Panel consists of Justices Mirabal, Taft, and Price. (10)

Justice Mirabal dissenting.

Publish. Tex. R. App. P. 47.




 
1. [1] Hector Sotelo is also known as Hector Sotero.

2. The Clerk's Record does not contain the "Temporary Conservatorship Order." 
All parties concede in their briefs that the order was signed by the trial court
on September 8, 1999, and TDPRS has included a copy of the order in its brief.
3. [3] Sotelo's parental rights were also terminated in the judgment. He did not
file a notice of appeal and is not a party to the appeal.
4. Amended section 263.402(b) states: "A party to a suit under this chapter who
fails to make a timely motion to dismiss the suit or to make a motion requesting
the court to render a final order before the deadline for dismissal under this
subchapter waives the right to object to the court's failure to dismiss the suit. 
A motion to dismiss under this subsection is timely if the motion is made
before the department has introduced all of the department's evidence, other
than rebuttal evidence, at the trial on the merits." Tex. Fam. Code Ann. §
263.402(b) (Vernon Supp. 2002).
5. The current version of the statute is found at Texas Family Code Annotated
section 263.403 (Vernon 2002).
6. The Gunters contend August 30, 2000 was the "first Monday following the
one-year anniversary of [the] filing of [the SAPCR] by [TDPRS]." Section
263.401 provides that the one-year time period runs from the date "the court
rendered a temporary order appointing the department as temporary managing
conservator . . . ." Tex. Fam. Code Ann. § 263.401(a) (Vernon Supp. 2002). 
The Gunters mistakenly calculated the one-year time period from the date
TDPRS filed its SAPCR.

7. The Gunters contend TDPRS presented a motion to the trial court requesting
an extension of the one-year dismissal deadline. There is no written motion for
extension of time contained in the Clerk's Record. Furthermore, there is no
reporter's record that shows that TDPRS made a verbal motion or that the trial
court ruled on any motion.

8. In Bishop, both the trial court and the appeals court read the permanency
hearing order and the scheduling order together to determine the new dismissal
date. In re Bishop, 8 S.W.3d 412, 419 (Tex. App.--Waco 2000, orig.
proceeding). This case is distinguishable. In Bishop, both the permancy
hearing order and the scheduling order were rendered before the one-year
dismissal deadline passed. Id.

9. The trial court entered a signed order for blood tests on July 26, 2000, the same
day it made the docket notation extending the dismissal date.
10. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.