**In the Interest of B.W., B.M., F.A., and S.A., Minor Children.**

No. 01–01–00414–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 7, 2003.

Joe Don Livingston, Houston, for Appellant.

Joel Hunter Bennett, Asst. Crim. Dist. Atty., Jones Barnett Huskey, Galveston, David N. Anderson, Margaret Tobin Hindman, Cox & Hindman L.L.P., Houston, for Appellee.

Panel consists of Justices HEDGES, JENNINGS, and MIRABAL*.

## OPINION

MARGARET GARNER MIRABAL, Justice (Assigned).

Appellant, Luzesta Marshall, is appealing a jury verdict that terminated her parental rights as to three[1] of her four children, and appointed the Texas Department of Protective and Regulatory Services (TDPRS)[2] as permanent managing conservator. In two points of error, Marshall claims the trial court (1) erred by not granting her motion to dismiss and (2) abused its discretion by not granting her a mistrial after TDPRS violated a pretrial motion in limine. We affirm.

Marshall does not challenge the sufficiency of the evidence to support the jury's findings. Thus, the facts relevant for dis-

position of this appeal will be discussed in support of each point of error.

## Section 263.401 of the Texas Family Code

■ In her first point of error, Marshall claims the order terminating her parental rights to B.M. should be reversed because the trial court rendered the final order after the time allowed by section 263.401(a) of the Texas Family Code. Tex. Fam.Code Ann. § 263.401(a) (Vernon Supp. 2003).

According to section 263.401(a), the trial court "shall dismiss" a suit filed by the TDPRS "on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator" unless the court has rendered a final order *or granted an extension* under Subsection (b). Tex. Fam.Code Ann. § 263.401(a).

■ The purpose of section 263.401(a) is to provide children with permanence and stability in their lives and to prevent children from languishing indefinitely in foster care. *See In re Neal,* 4 S.W.3d 443, 447 (Tex.App.-Houston [1st Dist.] 1999, no pet.); *In re Bishop,* 8 S.W.3d 412, 416 (Tex.App.-Waco 1999, orig. proceeding). The justice system has long recognized that "justice demands a speedy resolution of child custody and support issues." *In re Bishop,* 8 S.W.3d at 416. The Legislature, by enacting section 263.401, intended to enact "a scheme ... to ensure that children would remain under the temporary care of [T]DPRS for no longer than

---

* Former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Marshall's parental rights were terminated as to B.M., F.A., and S.A. The fourth child, B.W., is now living with his father and is not part of this appeal.

2. According to the Family Code, the TDPRS has standing to prosecute actions to terminate parental rights of minor children. Tex. Fam. Code Ann. §§ 102.003(6), 101.002 (Vernon 2002).

one year." *In re Neal,* 4 S.W.3d at 447; *see also In re Bishop,* 8 S.W.3d at 416.

However, under section 263.401(b), the trial court is given the discretion to extend the one-year dismissal date, up to 180 days, if the court finds that it is in best interest of the child. TEX. FAM.CODE ANN. § 263.401(b) (Vernon 2002). The trial court is limited to granting only one extension, and once the extension period ends, the trial court must "render a final order or dismiss the suit." TEX. FAM.CODE ANN. § 263.401(c) (Vernon 2002). In this case, the record indicates that on Sunday, February 4, 2000, Judge Baker signed an order appointing the TDPRS as temporary managing conservator of B.M. On February 25, 2000, Marshall gave birth to her twins, F.A. and S.A., and four days later, Judge Baker signed a second temporary order, appointing the TDPRS as temporary managing conservator of the twins. For purposes of section 263.401(a), the twins' statutory dismissal date was March 5, 2001, and B.M.'s statutory dismissal date was February 5, 2001. TEX. FAM.CODE ANN. § 263.401(a).

Marshall contends that because the trial court failed to render a final order, as to B.M., before the February 5, 2001 deadline, the trial court erred by not granting her motion to dismiss. We disagree.

From our review of the record, on February 15, 2000, the parties agreed to continue B.M.'s case until February 29, 2000, in anticipation of Marshall giving birth to her twins. During a hearing on the 29th, the parties agreed to consolidate B.M.'s case with the twins' case, and also to reset the trial date from November 6, 2000 to February 12, 2001, seven days after B.M.'s original statutory dismissal date. By agreeing to reset the trial date beyond B.M.'s original February 5, 2001 dismissal date, we hold that appellant, in essence, agreed to, and the trial court granted, an extension under section 263.401(b).

The trial began on February 12, 2001, and after hearing the evidence, the jury decided to terminate Marshall's parental rights. We hold that because the trial judge granted an extension before the expiration of B.M.'s original one-year dismissal date, the trial judge was not required to dismiss the termination proceeding on February 5, 2001.

Accordingly, we overrule Marshall's first point of error.

### Motion in Limine

In her second point of error, Marshall claims the trial court erred by failing to grant a mistrial after a State's witness offered testimony in violation of a pre-trial motion in limine. Specifically, the trial court's order precluded the State from making "any *reference to any suicidal* attempts or ideations on behalf of LUZESTA MARSHALL."

During trial, Jackie Davis, a TDPRS investigator, testified as follows:

PROSECUTOR: Do you remember having a conversation with her [Marshall] at some point after that?

DAVIS: Yes, I did.

PROSECUTOR: And she was where when you had that conversation?

DAVIS: She was at UTMB.

PROSECUTOR: Did she give you an explanation of where she had been between the 3rd and the 7th?

DAVIS: My memory is pretty vague, but I can go with what I remember?

PROSECUTOR: Ok. With what you remember?

DAVIS: She said, I believe, that she— she said that she had been at the house where she was before. And I honestly can't remember if she told me that she had been on the Texas City bridge or the medical staff had

told me that, that she was *considering suicide.*

After Davis's comments regarding suicide, Marshall's attorney asked to approach the bench and requested a mistrial. Marshall's attorney argued that the testimony was prejudicial and that a mistrial was appropriate because the State violated the motion in limine. The trial court denied the request for mistrial. Marshall's attorney did not request an instruction to disregard the testimony.

As a general rule, the failure to request the court to instruct the jury to disregard the testimony results in waiver of the alleged error where the instruction would have cured the error. *See, e.g., State Bar of Tex. v. Evans,* 774 S.W.2d 656, 658 (Tex.1989) (holding failure to request court to instruct jury to disregard inadmissible testimony waives error if instruction would have cured error); *see also Houston Lighting & Power Co. v. Reed,* 365 S.W.2d 26, 31–32 (Tex.Civ.App.-Houston 1963, writ ref'd n.r.e.) (same). Such a request would have given the trial court an opportunity to cure the alleged error. *Patir v. MFC Int'l Corp.,* 60 S.W.3d 355, 357 (Tex.App.-Houston [1st Dist.] 2001, no pet.).

In this case, an instruction for the jury to disregard the statement would have cured the alleged error. Therefore, Marshall failed to preserve error. *See Evans,* 774 S.W.2d at 658; *see also Lohmann v. Lohmann,* 62 S.W.3d 875, 882 (Tex.App.-El Paso 2001, no pet.); *Reed,* 365 S.W.2d at 31–32.

We overrule Marshall's second point of error.

## Conclusion

We affirm the trial court's judgment.