

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-19-00326-CV

___

IN THE INTEREST OF R.V., A CHILD

___

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2018-529,984, Honorable William R. Eichman II, Presiding

___

February 21, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Following a jury trial, the trial court signed a judgment in accordance with the jury verdict that terminated the parent-child relationship between "Alicia" and her daughter, "Rachel."[1]  In her sole issue, Alicia contends that the trial court erred in denying her request for a mistrial.  Finding no abuse of discretion, we affirm.

---

[1] To protect the privacy of the parties involved, we will refer to the appellant mother as "Alicia," and the child the subject of this appeal as "Rachel."  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2019); TEX. R. APP. P. 9.8(b).  The parental rights of the father of Rachel were also terminated in this proceeding but he did not appeal.

Factual and Procedural Background

In May 2018, the Texas Department of Family and Protective Services filed its petition for protection, conservatorship, and termination of the parental rights of Alicia as to her four-year-old daughter, Rachel. Rachel was removed after the Department received a report that Alicia was using methamphetamine while Rachel was in her care. A hair follicle drug test confirmed Alicia's use of methamphetamine and amphetamine.

The jury heard testimony that Alicia placed Rachel in dangerous conditions which included domestic violence and Alicia's use of methamphetamine in the home. Three days after Rachel was removed, Rachel tested positive for methamphetamine and amphetamine. After Rachel was placed in foster care, Alicia continued to use methamphetamine and she was in and out of jail several times. Alicia did not begin to participate in services outlined in her plan of service until mid-May 2019, approximately a year after the plan was developed. Alicia did not have stable housing or employment, and did not participate as requested in drug screens, drug treatment, or counseling.

The district court conducted a five-day jury trial in September 2019. The jury returned a verdict terminating Alicia's parental rights to Rachel on the grounds of endangering conditions, endangerment, and failure to comply with the provisions of a court order necessary to retain custody of the child. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O) (West Supp. 2017). The jury also found that termination was in Rachel's best interest. *See* § 161.001(b)(2).

On appeal, Alicia contends that the trial court erred in denying her request for a mistrial when a Department witness violated a motion in limine. She does not challenge

2

the sufficiency of the evidence to support the jury's predicate grounds and the best interest finding.

Analysis

Standard of Review

We review a trial court's ruling on a motion for mistrial for abuse of discretion. *In re J.A.*, 109 S.W.3d 869, 874 (Tex. App.—Dallas 2003, pet. denied). Under an abuse of discretion standard, an appellate court may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling is arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.* at 242.

Motion for Mistrial

In her sole issue, Alicia contends that the trial court erred in denying her motion for mistrial, which she requested after a witness for the Department allegedly testified in violation of a motion in limine. Prior to trial, the trial court granted Alicia's motion in limine prohibiting "[a]ny statements of hearsay as defined by rule 801 of the Texas Rules of Evidence" and "any reference to hearsay evidence within a witness report or any report that has been relied upon by any witness or expert."

During trial, the Department caseworker testified, on direct examination, to concerns about Alicia's current residence:

Department: And how long has [Alicia] been in that particular apartment?

Witness: From my knowledge, the end of August.

Department: Have—do you have some concerns about where that apartment is located?

Witness: I do.

Department: And what are those?

Witness: Whether it is Judy's address or Ms. Gordon's address, one—one of the people in the beginning of the case tested positive with [Alicia].

Alicia's counsel: Judge, I'm going to object to relevance, to hearsay. And ask that we be able to approach?

[Bench conference]

Alicia's counsel: Judge, as far as anybody else testing positive, I think that's hearsay. And that violates our motion in limine.

\* \* \* \* \*

Court: Sustained

Alicia's counsel: Well, I would ask for a mistrial.

Court: Denied.

Alicia's counsel: Okay.

[Bench conference ends.]

After the trial court denied the request for a mistrial, Alicia's attorney did not request an instruction to disregard the testimony. A motion in limine preserves nothing for review; the complaining party must immediately object and also request the trial court to instruct the jury to disregard the evidence. *In re Wyatt Field Serv. Co.*, 454 S.W.3d 145, 161 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). Such a request gives the trial court an opportunity to cure the alleged error. *Patir v. MFC Int'l Corp.,* 60 S.W.3d 355, 357-58 (Tex. App.—Houston [1st Dist.] 2001, no pet.). The failure to request the court to instruct the jury to disregard the testimony results in waiver of the alleged error where the instruction would have cured the error. *State Bar of Tex. v. Evans*, 774 S.W.2d 656, 659

4

n.6 (Tex. 1989); *In re B.W.,* 99 S.W.3d 757, 760 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

"A mistrial is an appropriate remedy only in 'extreme circumstances' for 'a narrow class of highly prejudicial and incurable errors.'" *F.C. v. Tex. Dep't of Family & Protective Servs.,* No. 03-19-00625-CV, 2020 Tex. App. LEXIS 119, at *24 (Tex. App.—Austin Jan. 9, 2020, no pet. h.) (mem. op.) (*citing Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007)).  On this record, we cannot conclude that the caseworker's testimony was so prejudicial to Alicia that an instruction to disregard could not have cured it.

The jury heard evidence concerning Alicia's living arrangements and the events resulting in the Department's investigation and removal of Rachel from Alicia's care.  There was also testimony of Alicia's use of methamphetamine occuring before and after Rachel was removed, as well as Alicia's criminal conduct and instability.  We conclude that any prejudicial effect that may have resulted from the caseworker's testimony about the location of Alicia's current residence and the proximity to a person who "tested positive with [Alicia]" in the beginning of the case could have been cured by an instruction to disregard from the trial court.  Because Alicia failed to request an instruction for the jury to disregard, she failed to preserve error.  As such, the trial court did not abuse its discretion in denying the motion for mistrial.  We overrule Alicia's sole issue.

Conclusion

Having found no error, we affirm the trial court's judgment.


Judy C. Parker
Justice

5