NO. 07-03-0262-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 4, 2004

_____

IN THE INTEREST OF D.B. AND E.A.B., CHILDREN

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 59,321-D; HONORABLE DON EMERSON, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Appellant Tammy Savage challenges the trial court's order terminating her parent-child relationship with E.A.B. and D.B. She asserts that the Family Code required dismissal of the suits before the termination hearing. We affirm.

BACKGROUND

On September 30, 1998, the Department of Protective and Regulatory Services (DPRS) filed a suit affecting the parent-child relationship in the 320th District Court of

Potter County seeking conservatorship of Savage's son E.A.B. The cause number assigned was 59,321-D. On March 23, 1999, the trial court appointed DPRS permanent managing conservator of E.A.B. Savage does not contend that such order was not a "final order." See Tex. Fam. Code Ann. § 263.401(d)(3) (Vernon 2002).[1]

On April 12, 1999, DPRS filed a petition in the 320th District Court of Potter County seeking conservatorship of Savage's daughter D.B. That cause was assigned number 60,262-D. In cause number 60,262-D the trial court appointed DPRS temporary managing conservator of D.B. on April 27, 1999. On January 20, 2000, the trial court issued a Permanency Hearing Order in cause number 60,262-D which, among other things, extended the dismissal date of the suit until October 13, 2000. See section 263.401(a), (b).

On January 28, 2000, DPRS filed an Original Petition for Termination in cause number 59,321-D and an Amended Petition for Termination in cause number 60,262-D. On July 24, 2000, Todd White and Kathleen White filed petitions in intervention in both the suits. By their interventions, the Whites sought termination of the parent-child relationship between Savage and the children, and appointment as managing conservators of the children.

At a January 22, 2001 hearing, the trial court consolidated the cases under cause number 59,321-D, appointed DPRS managing conservator of the children and appointed

---

[1]Further reference to a section of the Texas Family Code will be by reference to "section __."

Savage as possessory conservator of the children. The written order was signed on April 27, 2001.

On October 25, 2001, the Whites filed a separate suit in the 320th District Court of Potter County seeking to terminate the parent-child relationship between Savage and both of the children. The suit was assigned cause number 64,685-D. On August 8, 2002, the trial court consolidated causes 64,685-D and 64,646-D, a suit filed seeking grandparent access to the children, into cause number 59,321-D. In January and March, 2003, Kathleen White ("White") amended her petition seeking termination of the parent-child relationship between Savage and her children, which was by then pending as part of cause number 59,321-D. Todd White nonsuited his action. Although she filed an answer to the original pleading in cause 64,685-D, Savage did not challenge the propriety of the suit, nor did she file a response to White's amended petitions in the consolidated cause number 59,321-D.

On March 24, 2003, cause number 59,321-D was called for trial and Savage announced ready. After hearing the evidence at a bench trial, the trial court terminated the parent-child relationship between Savage and the children and appointed White and DPRS as permanent managing conservators of E.A.B. and D.B. The trial court's order reflecting this judgment was signed on April 24, 2003. It is from this Order of Termination that Savage appeals.

Savage contends that: (1) section 263.401(a) deprived the trial court of subject matter jurisdiction to terminate Savage's parental rights in the suits filed by DPRS because

the suits should have been dismissed prior to the termination hearing; (2) the waiver provision contained in section 263.402(b) does not apply because it became effective after the mandatory dismissal date under section 263.401(a); and (3) if section 263.402(b)'s waiver provision is applicable, then trial counsel's failure to timely file a motion to dismiss constituted ineffective assistance of counsel. She does not, however, challenge the trial court's jurisdiction to terminate her parental rights pursuant to either White's intervention petition in cause 59,321-D, or White's original suit in 64,685-D, which was consolidated into cause number 59,321-D.

## LAW AND ANALYSIS

When a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm the lower court's judgment. See San Antonio Press v. Custom Bilt Mach., 852 S.W.2d 64, 65 (Tex.App.--San Antonio 1993, no writ); Herndon v. First Nat'l Bank of Tulia, 802 S.W.2d 396, 400 (Tex.App.--Amarillo 1991, writ denied). And, both White's intervention, see In re C.V.G., 112 S.W.3d 180, 184 (Tex.App.–Houston [1st Dist.] 2003, no pet.), and her separate, original suit, see Leach v. Brown, 156 Tex. 66, 292 S.W.2d 329, 331 (1956), the propriety of which was not challenged, vested the trial court with jurisdiction to terminate Savage's parental rights.

Because Savage does not challenge the trial court's jurisdiction over claims to terminate her parental rights *via* White's intervention and suit, and because White's claims vested the trial court with jurisdiction to terminate Savage's parental rights, we need not and do not address Savage's first and second issues which challenge the trial court's

failure to dismiss DPRS's claims for termination. See TEX. R. APP. P. 47.1; Herndon, 802 S.W.2d at 400.

Savage's third issue claims ineffective assistance of counsel based on applicability of the section 263.402(b) waiver provision and her counsel's failure to seek dismissal of the DPRS's suit pursuant to section 263.401(a). To prevail on her claim of ineffective assistance of counsel, however, Savage has the burden to affirmatively prove both deficient performance by counsel and prejudice from the allegedly deficient performance. See Mitchell v. State, 989 S.W.2d 747, 748 (Tex.Crim.App. 1999), *citing* Strickland v. Washington, 466 U.S. 668,_, 104 S.Ct. 2052, 2066-68, 80 L.Ed.2d 674 (1984). To prove prejudice, she must prove a reasonable probability that but for counsel's alleged error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. See Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986).

Even had counsel moved for and obtained dismissal of the DPRS's claims for termination of Savage's parental rights pursuant to section 263.401(a),[2] Savage does not assert or demonstrate that the dismissal would have altered the trial court judgment terminating her parental rights based on White's claims. Accordingly, she has failed to demonstrate prejudice from counsel's alleged ineffective assistance. Issue three is overruled.

---

[2]Because we do not address the merits of Savage's challenges to the trial court's jurisdiction, we express no opinion on whether the trial court's ruling would have been correct had the court sustained such a jurisdictional challenge, had one been presented.

CONCLUSION

We affirm the Order of Termination.


                              Phil Johnson
                              Chief Justice