TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00808-CV






Dyana Guillen Garza, Appellant



v.



Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. 2003-1819, HONORABLE DON B. MORGAN, JUDGE PRESIDING







O P I N I O N

 In this accelerated appeal, we decide whether, on the record before us, the district
court was required to dismiss the underlying suit affecting parental rights for failure to comply with
the timing requirements of family code section 263.401. We conclude that it was not, and affirm the
district court's judgment of termination. 


BACKGROUND

 On November 17, 2003, the Department filed a petition to terminate Dyana Garza's
parental rights to four children--A.G., N.G., J.R.D.E., and J.P.E. (1) See Tex. Fam. Code Ann.
§ 262.205(a) (West 2002). On November 24, 2003, the district court appointed the Department
temporary managing conservator of the children. See id.; id. § 263.401(a) (West Supp. 2005). The
district court set the case for a hearing on the merits for October 29, 2004, with a scheduled dismissal
date of November 22, 2004. See id. § 263.401(a). On October 15, 2004, the paternal grandparents
of A.G. and N.G. intervened, seeking termination of both parents' parental rights and seeking to
adopt A.G. and N.G. The Department filed a motion for continuance, which the district court
granted, resetting the case for trial for February 22, 2005, and setting a new dismissal date for April
13, 2005.

 A trial was held on March 22, 23, and 28, 2005, before an associate judge. See id.
§§ 201.001 (West Supp. 2005), .005 (West 2002), .007 (West Supp. 2005). The district court's
docket sheet reflects that on March 28, the associate judge ruled that both parents' parental rights
should be terminated, that A.G. and N.G.'s paternal grandparents should be appointed their
managing conservators, and the Department should be appointed managing conservator of the other
two children. See id. § 201.011(a). (2)

 Garza filed a notice of appeal on March 30, 2005, seeking a trial de novo in the
district court on the issue of the termination of her parental rights. See id. § 201.015(a) (West 2002)
(party may appeal associate judge's report by filing notice of appeal not later than the third day after
receiving notice of the substance of report). On April 13, 2005, Garza filed a motion to dismiss,
arguing that the district court could not hold a trial de novo by the dismissal date, that same day. See
id. § 263.402(b) (West 2002). On October 3, 2005, the district court denied the motion to dismiss
and held the trial de novo. See id. § 201.011(e). The district court rendered judgment on October
14, 2005, terminating Garza and Tony Garza's parental rights and appointing the Department
managing conservator of all four children. Dyana Garza then filed her notice of appeal. (3)



DISCUSSION

 Garza brings a single issue contending that the district court was required to dismiss
the Department's suit for failure to comply with family code section 263.401. She explicitly limits
her appeal solely to her rights regarding J.R.D.E. and J.P.E. (4) 

 Under section 263.401, unless "the court has rendered a final order" on the first
Monday after the first anniversary of the date the court rendered a temporary order appointing the
department as temporary managing conservator or granted an extension of up to 180 days, "the court
shall dismiss the suit affecting the parent-child relationship filed" by the Department. Id.
§ 263.401(a). "If the court grants an extension but does not render a final order or dismiss the suit
on or before the required date for dismissal . . ., the court shall dismiss the suit." Id. § 263.401(c). 
"The court may not grant an additional extension that extends the suit beyond" the 180 day extension
period. Id. Garza asserts that the district court failed to "render a final order" before the April 13,
2005 final dismissal deadline, emphasizing that the court did not render its judgment of termination
after her appeal of the associate judge's report until October 14, 2005. 

 Our disposition of this issue turns on statutory construction. Statutory construction
presents a question of law that we review de novo. Johnson v. City of Fort Worth, 774 S.W.2d 653,
656 (Tex. 1989). We construe statutory provisions in order to ascertain and effectuate legislative
intent. Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc., 145 S.W.3d 170,
176 (Tex. 2004). In ascertaining legislative intent, we may consider the evil sought to be remedied,
the legislative history, and the consequences of a particular construction. See Liberty Mut. Ins. Co.
v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998). Further, we read every word,
phrase, and expression in a statute as if it were deliberately chosen and presume the words excluded
from the statute are done so purposefully. See Gables Realty Ltd. P'ship v. Travis Cent. Appraisal
Dist., 81 S.W.3d 869, 873 (Tex. App.--Austin 2002, pet. denied). Also, where words are given a
technical or particular meaning, we should construe them accordingly. Tex. Govt. Code Ann.
§ 311.011(b) (West. 2005). 

 The latter statutory construction principle controls our disposition here. In the same
section where it required a "final order" before a specified dismissal deadline, the legislature also
defined what constitutes a "final order" satisfying this requirement: 


For purposes of this section, a final order is an order that:


 (1) requires that a child be returned to the child's parent;


 (2) names a relative of the child or another person as the child's managing
conservator;


 (3) without terminating the parent-child relationship, appoints the department
as the managing conservator of the child; or


 (4) terminates the parent-child relationship and appoints a relative of the child,
another suitable person, or the department as managing conservator of the
child.



Id. § 263.401(d). The Department contends that the associate judge's report constitute a timely order
terminating the parent-child relationship and appointing managing conservators, satisfying
subsection (4). In the circumstances of this case, we agree. 

 Chapter 201 of the family code authorizes district courts to appoint associate judges
to consider suits affecting the parent-child relationship. Id. § 201.001. Upon referral of a case, an
associate judge may conduct a hearing on the issues, including the taking of evidence and
examination of witnesses. Id. § 201.007. The associate judge may then make findings of fact and
conclusions of law, and may "recommend an order to be rendered in a case." Id. § 201.007(a)(8)-(10). After a hearing, an associate judge "shall send the associate judge's signed and dated report,
including any proposed order, and all other papers relating to the case to the referring court." Id.
§ 201.011(e). The report must be in writing in a form directed by the referring court; however, "[t]he
form may be a notation on the referring court's docket sheet." Id. § 201.011(a). 

 Here, the district court's docket sheet contains the associate judge's report. It reflects
a notation on March 28, 2005 stating that the associate judge, after hearing evidence, found that
Garza's parental rights should be terminated, and reciting the statutory grounds found applicable to
each. The notation also reflects that the associate judge found that the paternal grandparents should
be appointed managing conservators of A.G. and N.G. and that the Department should be appointed
managing conservator of J.R.D.E. and J.P.E. 

 A party may appeal an associate judge's report to the referring court by filing notice
of appeal within three days of receiving notice of the substance of the report. " Id. § 201.015(a). 
The effect of the associate judge's report depends upon whether such an appeal is taken. If there is
no appeal of the associate judge's report, the associate judge's findings and recommendations of an
associate judge "become the order of the referring court only on the referring court's signing an order
conforming to the associate judge's report." Id. § 201.013(b) (West Supp. 2005). (5) However, if, as
here, a party appeals an associate judge's report to the referring court, the decisions and
recommendations of the associate judge "are in full force and effect and are enforceable as an order
of the referring court." Id. § 201.013(a). 

 Thus, under section 201.013(a), the associate judge's report finding that Garza's
parental rights should be terminated constituted an enforceable order of the district court while
Garza's appeal was pending in the district court. And this order, as memorialized in the docket entry
concerning the report, was sufficiently specific and comprehensive to meet the requirements of a
"final order" under section 263.401. As to each parent, it stated "Terminate" and listed applicable
statutory grounds that the associate judge found. The entry also addressed managing conservatorship
for all four children: "Apps Dept. PMC" for J.R.D.E. and J.P.E. and "Appt" the paternal
grandparents "PMC" for A.G. and N.G. Id. § 263.401(d); cf. In re Ruiz, 16 S.W.3d 921, 924 (Tex.
App.-Waco 2000, orig. proceeding) (docket notation reflecting only that district court anticipated
entering termination decree did not reflect timely intent to render judgment, and did not constitute
final order under section 263.401(d)). 

 This conclusion comports with the legislature's evident intent. The time limitations
of family code chapter 263 were established by the legislature to effectuate the 1996
recommendation of the Governor's Committee to Promote Adoption that parental rights be
terminated or families reunified within twelve months. See In re Bishop, 8 S.W.3d 412, 417 (Tex.
App.--Waco 1999, pet. denied). The legislature has provided elsewhere in the family code that
district courts may appoint associate judges to consider suits affecting the parent-child relationship
and that an associate judge's report, if appealed to the referring court, constitutes an enforceable
order of the district court pending the appeal. We must presume that the legislature was aware of
and intended the relationship we have identified between these two sets of provisions. See Citizens
Bank of Bryan v. First State Bank, 580 S.W.2d 344, 348 (Tex. 1979). This relationship is consistent
with legislative intent that, among other things, district courts be able to obtain the efficiencies of
using associate judges to consider termination cases while giving associate judges' reports relative
finality and certainty pending any appeal to the referring court. While the referring court ultimately
could reverse or otherwise depart from the associate judge's recommendations, that is the same
contingency inherent in any appeal from a "final order" in a termination proceeding, whether taken
from the associate judge to the referring court or the district court to an appellate court. 

 We also note that the legislature sought to expedite trials de novo in referring courts
by imposing a 3-day deadline for parties to take such appeals, Tex. Fam. Code Ann. § 201.015(a)
(deadline of three days after receiving notice of the substance of the associate judge's report), and
a 30-day deadline, from the date such an appeal is filed, for the referring court to conduct the trial
de novo. See id. § 201.015(f). This 30-day deadline has been held to be mandatory and enforceable,
but not jurisdictional, and it is undisputed that Garza never sought to compel the district court to
conduct its trial de novo more expeditiously here. See Harrell v. Harrell, 986 S.W.2d 629, 631 (Tex.
App.-El Paso 1998, no pet.). 


CONCLUSION

 We overrule Garza's issue and affirm the judgment of the district court.



 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton: Opinion by Justice Pemberton;

 Concurring Opinion by Justice Patterson


Affirmed


Filed: May 19, 2006

1. The father of A.G. and N.G., Tony Garza, was incarcerated during the course of the
proceedings at issue in this appeal but appeared through an attorney during those proceedings. His
mother and stepfather, Della Garza and Robert Barron (the "paternal grandparents"), intervened in
the termination proceedings, as we note later. The father of J.R.D.E. and J.P.E. was not served, did
not appear below, and is not a party to these proceedings. The paternal grandparents are unrelated
to J.R.D.E. and J.P.E.
2. The parties agree that, at the end of trial, the associate judge gave oral notice of the
substance of these findings. See id. § 201.011(b), (c)(1) (West Supp. 2005) (associate judge shall
provide notice of substance of report after hearing; notice may be given orally in open court). 
3. Tony Garza did not appeal.
4. Garza states that intervention of A.G. and N.G.'s paternal grandparents provides a separate,
independent, and unchallenged ground supporting the district court's judgment terminating her
parental rights to those children. See In re D.B., 153 S.W.3d 575, 577 (Tex. App.--Amarillo 2004,
no pet.). We express no opinion regarding the merits of this assertion. 
5. Even in the absence of an appeal, the referring court may adopt, modify, or reject the report,
including any proposed order. Id. § 201.014(1). It may hear more evidence or recommit the case
to the associate judge for further proceedings. Id. § 201.014(2), (3).