# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

================

## NO. 03-05-00808-CV

================

**Dyana Guillen Garza, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

================================================================

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. 2003-1819, HONORABLE DON B. MORGAN, JUDGE PRESIDING

================================================================

## O P I N I O N

In this accelerated appeal, we decide whether, on the record before us, the district court was required to dismiss the underlying suit affecting parental rights for failure to comply with the timing requirements of family code section 263.401. We conclude that it was not, and affirm the district court's judgment of termination.

## BACKGROUND

On November 17, 2003, the Department filed a petition to terminate Dyana Garza's parental rights to four children—A.G., N.G., J.R.D.E., and J.P.E.[1] *See* Tex. Fam. Code Ann.

---

[1] The father of A.G. and N.G., Tony Garza, was incarcerated during the course of the proceedings at issue in this appeal but appeared through an attorney during those proceedings. His mother and stepfather, Della Garza and Robert Barron (the "paternal grandparents"), intervened in the termination proceedings, as we note later. The father of J.R.D.E. and J.P.E. was not served, did not appear below, and is not a party to these proceedings. The paternal grandparents are unrelated to J.R.D.E. and J.P.E.

§ 262.205(a) (West 2002). On November 24, 2003, the district court appointed the Department temporary managing conservator of the children. *See id.*; *id.* § 263.401(a) (West Supp. 2005). The district court set the case for a hearing on the merits for October 29, 2004, with a scheduled dismissal date of November 22, 2004. *See id.* § 263.401(a). On October 15, 2004, the paternal grandparents of A.G. and N.G. intervened, seeking termination of both parents' parental rights and seeking to adopt A.G. and N.G. The Department filed a motion for continuance, which the district court granted, resetting the case for trial for February 22, 2005, and setting a new dismissal date for April 13, 2005.

A trial was held on March 22, 23, and 28, 2005, before an associate judge. *See id.* §§ 201.001 (West Supp. 2005), .005 (West 2002), .007 (West Supp. 2005). The district court's docket sheet reflects that on March 28, the associate judge ruled that both parents' parental rights should be terminated, that A.G. and N.G.'s paternal grandparents should be appointed their managing conservators, and the Department should be appointed managing conservator of the other two children. *See id.* § 201.011(a).[2]

Garza filed a notice of appeal on March 30, 2005, seeking a trial *de novo* in the district court on the issue of the termination of her parental rights. *See id.* § 201.015(a) (West 2002) (party may appeal associate judge's report by filing notice of appeal not later than the third day after receiving notice of the substance of report). On April 13, 2005, Garza filed a motion to dismiss, arguing that the district court could not hold a trial *de novo* by the dismissal date, that same day. *See*

---

[2] The parties agree that, at the end of trial, the associate judge gave oral notice of the substance of these findings. *See id.* § 201.011(b), (c)(1) (West Supp. 2005) (associate judge shall provide notice of substance of report after hearing; notice may be given orally in open court).

*id.* § 263.402(b) (West 2002). On October 3, 2005, the district court denied the motion to dismiss and held the trial *de novo*. *See id.* § 201.011(e). The district court rendered judgment on October 14, 2005, terminating Garza and Tony Garza's parental rights and appointing the Department managing conservator of all four children. Dyana Garza then filed her notice of appeal.[3]

## DISCUSSION

Garza brings a single issue contending that the district court was required to dismiss the Department's suit for failure to comply with family code section 263.401. She explicitly limits her appeal solely to her rights regarding J.R.D.E. and J.P.E.[4]

Under section 263.401, unless "the court has rendered a final order" on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator or granted an extension of up to 180 days, "the court shall dismiss the suit affecting the parent-child relationship filed" by the Department. *Id.* § 263.401(a). "If the court grants an extension but does not render a final order or dismiss the suit on or before the required date for dismissal . . ., the court shall dismiss the suit." *Id.* § 263.401(c). "The court may not grant an additional extension that extends the suit beyond" the 180 day extension period. *Id.* Garza asserts that the district court failed to "render a final order" before the April 13, 2005 final dismissal deadline, emphasizing that the court did not render its judgment of termination after her appeal of the associate judge's report until October 14, 2005.

---

[3] Tony Garza did not appeal.

[4] Garza states that intervention of A.G. and N.G.'s paternal grandparents provides a separate, independent, and unchallenged ground supporting the district court's judgment terminating her parental rights to those children. *See In re D.B.*, 153 S.W.3d 575, 577 (Tex. App.—Amarillo 2004, no pet.). We express no opinion regarding the merits of this assertion.

Our disposition of this issue turns on statutory construction. Statutory construction presents a question of law that we review *de novo*. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989). We construe statutory provisions in order to ascertain and effectuate legislative intent. *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2004). In ascertaining legislative intent, we may consider the evil sought to be remedied, the legislative history, and the consequences of a particular construction. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998). Further, we read every word, phrase, and expression in a statute as if it were deliberately chosen and presume the words excluded from the statute are done so purposefully. *See Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist.*, 81 S.W.3d 869, 873 (Tex. App.—Austin 2002, pet. denied). Also, where words are given a technical or particular meaning, we should construe them accordingly. Tex. Govt. Code Ann. § 311.011(b) (West 2005).

The latter statutory construction principle controls our disposition here. In the same section where it required a "final order" before a specified dismissal deadline, the legislature also defined what constitutes a "final order" satisfying this requirement:

For purposes of this section, a final order is an order that:

    (1)  requires that a child be returned to the child's parent;

    (2)  names a relative of the child or another person as the child's managing conservator;

    (3)  without terminating the parent-child relationship, appoints the department as the managing conservator of the child; or

4

    (4)   terminates the parent-child relationship and appoints a relative of the child, another suitable person, or the department as managing conservator of the child.

*Id*. § 263.401(d). The Department contends that the associate judge's report constitute a timely order terminating the parent-child relationship and appointing managing conservators, satisfying subsection (4). In the circumstances of this case, we agree.

Chapter 201 of the family code authorizes district courts to appoint associate judges to consider suits affecting the parent-child relationship. *Id*. § 201.001. Upon referral of a case, an associate judge may conduct a hearing on the issues, including the taking of evidence and examination of witnesses. *Id*. § 201.007. The associate judge may then make findings of fact and conclusions of law, and may "recommend an order to be rendered in a case." *Id*. § 201.007(a)(8)-(10). After a hearing, an associate judge "shall send the associate judge's signed and dated report, including any proposed order, and all other papers relating to the case to the referring court." *Id*. § 201.011(e). The report must be in writing in a form directed by the referring court; however, "[t]he form may be a notation on the referring court's docket sheet." *Id*. § 201.011(a).

Here, the district court's docket sheet contains the associate judge's report. It reflects a notation on March 28, 2005 stating that the associate judge, after hearing evidence, found that Garza's parental rights should be terminated, and reciting the statutory grounds found applicable to each. The notation also reflects that the associate judge found that the paternal grandparents should be appointed managing conservators of A.G. and N.G. and that the Department should be appointed managing conservator of J.R.D.E. and J.P.E.

A party may appeal an associate judge's report to the referring court by filing notice of appeal within three days of receiving notice of the substance of the report. " *Id*. § 201.015(a). The effect of the associate judge's report depends upon whether such an appeal is taken. If there is no appeal of the associate judge's report, the associate judge's findings and recommendations of an associate judge "become the order of the referring court only on the referring court's signing an order conforming to the associate judge's report." *Id*. § 201.013(b) (West Supp. 2005).[5] However, if, as here, a party appeals an associate judge's report to the referring court, the decisions and recommendations of the associate judge "are in full force and effect and are enforceable as an order of the referring court." *Id*. § 201.013(a).

Thus, under section 201.013(a), the associate judge's report finding that Garza's parental rights should be terminated constituted an enforceable order of the district court while Garza's appeal was pending in the district court. And this order, as memorialized in the docket entry concerning the report, was sufficiently specific and comprehensive to meet the requirements of a "final order" under section 263.401. As to each parent, it stated "Terminate" and listed applicable statutory grounds that the associate judge found. The entry also addressed managing conservatorship for all four children: "Apps Dept. PMC" for J.R.D.E. and J.P.E. and "Appt" the paternal grandparents "PMC" for A.G. and N.G. *Id*. § 263.401(d); *cf. In re Ruiz*, 16 S.W.3d 921, 924 (Tex. App.–Waco 2000, orig. proceeding) (docket notation reflecting only that district court anticipated

---

[5] Even in the absence of an appeal, the referring court may adopt, modify, or reject the report, including any proposed order. *Id*. § 201.014(1). It may hear more evidence or recommit the case to the associate judge for further proceedings. *Id*. § 201.014(2), (3).

entering termination decree did not reflect timely intent to render judgment, and did not constitute final order under section 263.401(d)).

This conclusion comports with the legislature's evident intent. The time limitations of family code chapter 263 were established by the legislature to effectuate the 1996 recommendation of the Governor's Committee to Promote Adoption that parental rights be terminated or families reunified within twelve months. *See In re Bishop*, 8 S.W.3d 412, 417 (Tex. App.—Waco 1999, pet. denied). The legislature has provided elsewhere in the family code that district courts may appoint associate judges to consider suits affecting the parent-child relationship and that an associate judge's report, if appealed to the referring court, constitutes an enforceable order of the district court pending the appeal. We must presume that the legislature was aware of and intended the relationship we have identified between these two sets of provisions. *See Citizens Bank of Bryan v. First State Bank*, 580 S.W.2d 344, 348 (Tex. 1979). This relationship is consistent with legislative intent that, among other things, district courts be able to obtain the efficiencies of using associate judges to consider termination cases while giving associate judges' reports relative finality and certainty pending any appeal to the referring court. While the referring court ultimately could reverse or otherwise depart from the associate judge's recommendations, that is the same contingency inherent in any appeal from a "final order" in a termination proceeding, whether taken from the associate judge to the referring court or the district court to an appellate court.

We also note that the legislature sought to expedite trials *de novo* in referring courts by imposing a 3-day deadline for parties to take such appeals, Tex. Fam. Code Ann. § 201.015(a) (deadline of three days after receiving notice of the substance of the associate judge's report), and

7

a 30-day deadline, from the date such an appeal is filed, for the referring court to conduct the trial *de novo*. *See id*. § 201.015(f). This 30-day deadline has been held to be mandatory and enforceable, but not jurisdictional, and it is undisputed that Garza never sought to compel the district court to conduct its trial *de novo* more expeditiously here. *See Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex. App.–El Paso 1998, no pet.).

## CONCLUSION

We overrule Garza's issue and affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton:  Opinion by Justice Pemberton;
    Concurring Opinion by Justice Patterson

Affirmed

Filed:  May 19, 2006