

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00106-CV

**FREDRICK-MARSHAL: VAN HORN,**

                            **Appellant**

v.

**C. PAUL KEEFER, THE ESTATE OF JEWEL
KEEFER, DECEASED, SAMUEL P. CAMPO,
AND MICHA J. CAMPO,**

                            **Appellees**

**From the 40th District Court
Ellis County, Texas
Trial Court No. 83617**

## MEMORANDUM OPINION

Fredrick-Marshal: Van Horn appeals the trial court's order granting summary judgment in favor of C. Paul Keefer, the Estate of Jewel Keefer, Samuel P. Campo, and Micha J. Campo (collectively referred to as the Keefers). We affirm.

The trial court rendered judgment against Van Horn on the Keefers' affirmative defenses of limitations, laches, res judicata, and collateral estoppel. On appeal, Van Horn raises three numbered statements called "point of interest," eleven numbered

statements called "issue," and one numbered statement called "issues regarding the below," none of which address why the trial court's summary judgment was erroneous on each of the grounds upon which it was granted.[1]  When a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm the lower court's judgment.  *In the Interest of D.B.*, 153 S.W.3d 575, 576-577 (Tex. App.—Amarillo 2004, no writ); *San Antonio Press v. Custom Bilt Mach.*, 852 S.W.2d 64, 65 (Tex. App.—San Antonio 1993, no writ); *Herndon v. First Nat'l Bank of Tulia*, 802 S.W.2d 396, 400 (Tex. App.—Amarillo 1991, writ denied).  *See State Farm Mutual Automobile Ins. Co. v. Cowley*, 468 S.W.2d 353, 354 (Tex. 1971).  Accordingly, Van Horn's issues are overruled.

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed November 1, 2012
[CV06]

---

[1] We have not attempted to categorize the statements in Van Horn's "Supplemental Brief" filed after submission of the case.  It contains additional "Issues Present for Review" and "Issues" some of which are a bit more focused on the summary judgment grounds but not in a manner that constitutes a proper challenge to the ground.  At least not a proper challenge based upon proper citation to authority and the record and argument as to why Texas law would provide the relief he has requested.  At least not an argument that we can understand.